## Bilotta v. Secretary of Education and Easton Area School District, Intervening Appellee.

Argued April 2, 1973, before president Judge BowMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*George Weitzman*, with him *Goodman & Weitzman*, for appellant.

*Edward A. Miller*, Assistant Attorney General, for appellee.

*Carl F. Skinner*, for intervening appellee.

OPINION BY JUDGE WILKINSON, May 3, 1973:

Appellant was employed by Easton Area School District in 1959 as a teacher. In October, 1966, appellant became Acting Director of the Title I program. In 1969, he was appointed Director of Title I and Reading Coordinator. In 1971, while appellant was on a sabbatical leave, the School District approved an ad-

ministrative reorganization that included, *inter alia,* the elimination of the position of Director of Title I and Reading Coordinator. When appellant returned from his sabbatical leave, he was assigned to teach English in the District with a decrease in salary. He requested and was given a hearing before the School Board. The Board approved the previous action. Appellant filed an appeal from the School Board decision with the Secretary of Education and a hearing was held. After making appropriate findings of fact, reviewing the testimony in appropriate detail, and presenting a clear discussion of the facts and the law applicable in this case, the Secretary of Education dismissed the appeal. This was followed by appellant's appeal to this Court with a request for a hearing de novo. See Section 1132 of School Code of 1949, Act of March 10, 1949, P. L. 30, Art. XI, as amended, 24 P.S. §11-1132, and Section 403 of Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, as amended, 17 P.S. §211.403. The de novo hearing was held, a record made, and argument was had before this Court. We must affirm the action of the Secretary of Education.

The appellant rests his case on the merits on his allegation that the action of the Board in demoting him was arbitrary, capricious and discriminatory. No good purpose would be served by here repeating or even summarizing the evidence on which appellant relies. He presented testimony that he believes establishes that the Board discriminated against him because, as President of the Professional Employees' Association of the District, he questioned certain Board action which resulted in that action being declared improper. He follows this with evidence that he asserts establishes that this resulted in his having action on his application for sabbatical leave delayed, having an audit of a harassing nature made of his books, having his position abol-

ished,[1] and not having favorable consideration for other administrative appointments for which he was qualified. In view of the testimony of the School District's witnesses, we find on the record before this Court, as the Secretary found on the record before him, that the appellant has not met the burden of proof required to reverse the Board's action. *Lakeland Joint School District v. Gilvary*, 3 Pa. Commonwealth Ct. 415, 283 A. 2d 500 (1971).

The law in Pennsylvania today on the basic issues in this case is ably set forth by Chief Justice JONES (then Justice JONES) in a detailed opinion in *Smith v. Darby School District*, 388 Pa. 301, 130 A. 2d 661 (1957).

The appellant raises one other point that must be discussed with regard to the vote of the Board following his hearing. Seven of the nine-member Board were present. Four voted approval of the action, two voted against, and one abstained. It is appellant's position that it required the affirmative vote of a majority of the full Board, i.e., five affirmative votes for the Board to approve the transfer resulting in his demotion.

Section 508 of the Public School Code of 1949, 24 P.S. §5-508, sets forth in detail those actions which require an affirmative vote of the majority of the members of the entire Board. It does not include transfer or demotion. Appellant attempts to "come in the back door" by developing that Section 1151 of the Public School Code of 1949, 24 P.S. §11-1151, establishes that the right to a hearing and appeal in demotion matters shall be as in the case of dismissal. As clearly developed by the Secretary of Education in his opinion, we hold this relates merely to the procedure of the appeal,

---

[1] In the same reorganization plan, 12 other administrative positions were abolished. Appellant is the only individual litigating the Board's action.

not to the vote after the hearing. To hold otherwise would dictate that a two-thirds vote of the entire Board was necessary. See Section 1129 of the Code, 24 P.S. §11-1129. Chief Justice JONES' opinion in *Smith, supra,* puts to rest any doubt as to whether the substance of a demotion hearing is to be decided as if it were a dismissal.

Appellant attempts to insert in this case that the position of Title I Director and Reading Coordinator had been reestablished by the Board in September of 1972, and that appellant is entitled to fill it. Suffice it to say that that is not properly before this Court in this action.

Accordingly, we enter the following

ORDER

AND NOW, May 3, 1973, the preliminary objections of the Secretary of Education to the inclusion of the Department of Education as a party appellee are dismissed, and the order of the Secretary of Education, dated July 23, 1972, which dismissed the appeal of Frank Bilotta from the decision of demotion by the Board of School Directors of the Easton Area School District, is affirmed.