510 A.2d 337

David J. BELASCO and Edward R. Powers, Appellees,

v.

The BOARD OF PUBLIC EDUCATION OF the SCHOOL DISTRICT OF PITTSBURGH, Appellant.

The BOARD OF PUBLIC EDUCATION OF the SCHOOL DISTRICT OF PITTSBURGH, Appellant,

v.

David J. BELASCO and Secretary of Education, Commonwealth of Pennsylvania, Appellees.

The BOARD OF PUBLIC EDUCATION OF the SCHOOL DISTRICT OF PITTSBURGH, Appellant,

v.

Edward R. POWERS and Secretary of Education, Commonwealth of Pennsylvania, Appellees.

Supreme Court of Pennsylvania.

Argued March 6, 1986.

Decided June 3, 1986.

Bruce D. Campbell, Robert E. Durrant, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, for appellant.

Eugene P. Girman, Girman & Bacharach, Pittsburgh, for Belasco & Powers.

Linda J. Wells, Harrisburg, for Secretary of Educ.

Louis B. Kushner, Shelley W. Elovitz, Rothman, Gordon, Foreman, and Groudine, P.C., Pittsburgh, amicus curiae, for Pa. Federation of Teachers-AFL-CIO.

Anthony D. Newman, Gen. Counsel, Harrisburg, amicus curiae, for Pa. State Educ. Assoc.

Michael I. Levin, Cleckner & Fearen, Blue Bell, amicus curiae, for Pa. School Boards Assoc.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The School District of the City of Pittsburgh appeals from an order of the Commonwealth Court affirming, and modifying in part, a decision of the Secretary of Education (Secretary) which reversed the School Board's dismissal of appellees, David J. Belasco (Belasco) and Edward R. Powers (Powers), as professional employees and reinstated them to their respective teaching positions in the appellant School District. At issue is the essence of the review powers of the Secretary in an appeal from a decision of a School Board. We are asked to decide the nature of the Secretary's review in a case where no additional testimony is taken. In such a case, is the Secretary limited to traditional appellate review, or is he to conduct a *de novo* review of the School Board's decision? The question is raised: may the Secretary make new findings of fact based upon the evidence presented to the board as reflected in the official record without taking additional testimony? Also at issue is the Commonwealth Court's finding that the School

Board's decision was not in accordance with the law in that the evidence was insufficient to establish intemperance, cruelty and willful violation of the school laws.

Appellees Belasco and Powers were teachers at Halls Grove Opportunity School, a school for mentally and socially retarded children in the City of Pittsburgh. On April 20, 1982, appellees were separately involved in two distinct incidents centering around Gary Neel (Neel), a socially and emotionally disturbed student. Neel, an eighth-grader at the school, had been involved in physically aggressive conduct toward a fellow student. Appellee Powers, one of Neel's teachers, talked to Neel about the incident and then as a form of punishment, lightly struck Neel on the buttocks with a wooden paddle. Powers characterized the single act of light contact as a "love tap"[1] administered with a flick of the wrist. He described the force of the "love tap" as enough for the child to know it happened but not enough to hurt. Later, Power's class ended, and Neel went to his next class in the classroom of appellee Belasco. There he was called to the front of the room by a teacher's aide, Sandra Saunders, where he again was punished for his aggressive conduct. Ms. Saunders,[2] using considerable force, smacked Neel five times with a paddle across the buttocks. Harrison Richman, a second teacher's aide in the room at the time, joined in the paddling and swatted Neel once on his buttocks. Belasco who was present in the classroom apparently observed the paddling but did not intervene. Belasco testified that he did not attempt to stop the aides from paddling Neel because when Neel was summoned to the front of the room, the other class members became excited and unruly. Belasco indicated that he was busy calming them and keeping order. After the aides left

1. The evidence indicates that in November, 1981, Powers adopted a practice he called a "love tap" which constituted a tangible consequence for misbehavior of certain of his students. He did not believe that the "love tap" amounted to corporal punishment.

2. At the time of the incident, Ms. Saunders was officially assigned to another classroom, under the supervision of another teacher and was not authorized to be in Belasco's classroom.

the room, Belasco took the paddle in hand and laid it on the buttocks of Neel in what both he and Neel described as a joking fashion, attempting to lighten the atmosphere.

Previously, in 1970, the School Board of Pittsburgh adopted a policy banning corporal punishment. That policy was in effect on April 20, 1982, the time of the events in question. Because of the incidents involving Gary Neel, Powers and Belasco were suspended without pay. On July 2, 1982, appellees were formally charged with intemperance, cruelty and willful and persistent violation of the school laws of Pennsylvania. A hearing on the charges was held before the School Board on July 13, 1982. On October 25, 1982 the Board found appellees guilty of the charges and dismissed them from their positions. On appeal the Secretary reversed the decision of the School Board and ordered appellees reinstated, but without back pay. The Commonwealth Court affirmed the Secretary's order reinstating appellees and modified that portion of the order denying back pay by directing that appellees receive back pay.[3] On petition brought by the School Board, we granted allowance of appeal.

The appellant School Board argues that the Secretary erred by making additional findings of fact based solely upon his review of the record of the hearing before the Board and without receiving additional testimony.[4] The appellant contends that where no additional testimony is taken the Secretary's review is limited to traditional appellate review—determining whether an error of law has been committed, constitutional rights have been violated, or the findings and conclusions are supported by substantial evidence.

The Public School Code, 24 P.S. § 1–101, et. seq., vests the Secretary of Education with authority to hear appeals

**3.** *Belasco and Powers v. Board of Public Education,* 87 Pa.Cmwlth. 5, 486 A.2d 538 (1985).

**4.** Although the Commonwealth Court affirmed the order of the Secretary reinstating appellees, the court agreed with appellant that where the Secretary takes no additional testimony, as was the case here, he is limited to traditional appellate review.

brought by professional employees from actions of School Boards. Section 1131 of the code provides:

In case the professional employe concerned considers himself or herself aggrieved by the action of the board of school directors, an appeal by petition, setting forth the grounds for such appeal, may be taken to the Superintendent of Public Instruction at Harrisburg. Such appeal shall be filed within thirty (30) days after receipt by registered mail of the written notice of the decision of the board. A copy of such appeal shall be served by registered mail on the secretary of the school board.

The Superintendent of Public Instruction shall fix a day and time for hearing, which shall be not sooner than ten (10) days nor more than thirty (30) days after presentation of such petition, and shall give written notice to all parties interested.

The Superintendent of Public Instruction shall review the official transcript of the record of the hearing before the board, and may hear and consider such additional testimony as he may deem advisable to enable him to make a proper order. At said hearing the litigants shall have the right to be heard in person or by counsel or both.

After hearing and argument and reviewing all the testimony filed or taken before him, the Superintendent of Public Instruction shall enter such order, either affirming or reversing the action of the board of school directors, as to him appears just and proper. 1949, March 10, P.L. 30, art. XI, § 1131. (Footnote omitted.)

24 P.S. § 11–1131. The Secretary of Education, formerly Superintendent of Public Instruction, initially was given his present role in the appeal process by the Act of June 20, 1939, P.L. 482.[5] Under the 1939 Act, the Secretary was

5. "In case the professional employe concerned considers him- or herself aggrieved by the action of the board of school directors (or board of public education), an appeal by petition setting forth the grounds for such appeal, may be taken to the Superintendent of Public Instruction at Harrisburg...." As amended 1931, May 29, P.L. 243 § 26; 1937, April 6, P.L. 213, § 2; 1939 June 20, P.L. 482 § 2; 24

granted the authority to take additional testimony and to make a decision which to him "appears just and proper." This same authority is continued in the present School Code in Section 1131. Under the 1939 Act, a professional employee not satisfied with the decision of the Secretary could appeal to the Court of Common Pleas and, upon specific request, obtain a hearing *de novo*.[6] The Common Pleas Court, similar to the Secretary, was given the authority to "make whatever order it considers just."

The provision for a hearing *de novo* before the Common Pleas Court provided an aggrieved professional employee with an opportunity to have the facts of his case heard again in an independent forum. In the hearing before the School Board, the Board acts in a dual capacity, both as prosecutor and judge. The circumstance of the Board serving in this twin function creates a potential for prejudice. We recognized this potential in *Appeal of Spano*, 439 Pa. 256, 267 A.2d 848 (1970) where we said:

> "[B]efore a tenured professional employee is dismissed he is entitled to notice of the charges against him and a public hearing before the board of school directors. At that hearing the board plays a dual role. It acts both as prosecutor and as judge, and because of this it can never be totally unbiased. See *Spruce Hill Township School District Board of Directors v. Bryner*, 148 Pa. Superior Ct. 549, 25 A.2d 745 (1942). Cf. *Gardner v. Repasky*, 434 Pa. 126, 252 A.2d 704 (1969). By providing in § 1132(b) for a de novo hearing by request in the court of common pleas as part of the appeal from the decision of the Superintendent, the legislature has given the employee

P.S. § 1126(j). Previous to the adoption of this provision, the School Code provided that a professional employee aggrieved by the action of the School Board could appeal by petition to the Court of Common Pleas of the county wherein the school district was located. Section 1205(j) of the School Code of 1911, as amended by the Act of 1937, April 6, P.L. 213 § 2.

6. This procedure, although continued in the School Code of 1949 (24 P.S. § 11–1132), is not part of the current law. This change is discussed *infra.*

the opportunity for a hearing in a forum free of any bias. Thus, if the employee-appellant desires, he can have his case retried in a forum in which the School Board plays only the role of prosecutor and not that of judge also."

In 1971, Section 1132 of the School Code was amended and the then newly created Commonwealth Court was substituted for the Common Pleas Court as the court to which appeals from the Secretary were taken. At that time the Commonwealth Court had the same *de novo* review authority as previously held by the Court of Common Pleas. *See Harris v. Commonwealth, Secretary of Education,* 29 Pa.Cmwlth. 625, 372 A.2d 953 (1977). In 1973, the legislature eliminated *de novo* review in the Commonwealth Court by amending Section 1132 of the School Code to read as follows:

## § 1132. Appeals to court

The ruling or decision of the Secretary of Education shall be final, unless, an appeal is taken in accordance with the provisions of the act of June 4, 1945 (P.L. 1388, No. 442), known as the "Administrative Agency Law."

As amended 1973, Dec. 21, P.L. 429, No. 150, 24 P.S. § 11–1132. The provisions of the "Administrative Agency Law" provide for disposition on appeal as follows:

The court shall hear the appeal without a jury on the record certified by the Commonwealth Agency. After hearing, the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter A of Chapter 5 (relating to practice and procedure of Commonwealth agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may enter any order

authorized by 42 Pa.C.S. § 706 (relating to dispositions of appeals).[7]

2 Pa. C.S.A. § 704.

Under Section 1132 of the School Code, the review powers of the Commonwealth Court are limited to traditional appellate review as prescribed by Section 704 of the Administrative Agency Law. This limitation on the review power of the Commonwealth Court in no way affects the review authority vested in the Secretary. The authority of the Secretary as set forth in Section 1131 remains as before. He is to review the official transcript of the record of the hearing before the Board, take additional testimony if he deems it advisable, and enter an order as he deems just and proper.

The appellant School Board, in arguing that the Secretary exceeded his authority by making additional findings of fact without receiving additional testimony, relies upon the case of *Strinich v. Clairton School District*, 494 Pa. 297, 431 A.2d 267 (1981). In *Strinich*, a tenured teacher was discharged from his position on the grounds of persistent negligence. The teacher appealed to the Secretary of Education. The Secretary took additional testimony, made additional findings and reversed the School Board. He reinstated the teacher with back pay. The School District appealed to the Commonwealth Court which then reversed the Secretary and upheld the dismissal. The Commonwealth Court adopted the findings of the Secretary but held that those findings, as a matter of law, established willful and persistent negligence. The issue before us in *Strinich* was whether the Commonwealth Court abused its discretion by substituting its judgment for that of the Secretary in reversing his decision. We found there was no abuse of discretion. We concluded that the Commonwealth Court did not substitute its discretion for that of the Secretary, but rather it found the Secretary's decision was "not in accordance with the law." We noted in *Strinich* that the Secretary was

7. This Section of the Administrative Agency Law is derived from the Act of June 4, 1945, P.L. 1388, No. 442, § 44; 71 P.S. § 1710.44 and the Act of July 31, 1970, P.L. 673, No. 223 § 504; 17 P.S. § 211.504.

correct in receiving additional testimony as the School Code explicitly authorizes him to do. 24 P.S. § 11–1131. We commented there in a footnote:

From the arguments presented by both parties, there is some confusion concerning the nature of the Secretary's review, *i.e.*, is the Secretary limited to traditional appellate review or can the Secretary hold a *de novo* hearing. We believe that the review in question encompasses aspects of both. The School Code explicitly states that the Secretary may take additional testimony. 24 P.S. § 11–1131. To the extent that additional testimony is taken, the Secretary may make additional findings of fact. If no such additional testimony is taken, however, the Secretary's review is limited to traditional appellate review. *Compare, Jones v. Workmen's Compensation Appeal Board*, 25 Pa.Cmwlth. 546, 551, 360 A.2d 821, 824 (1976).

*Strinich v. Clairton School District*, 494 Pa. 297, 302 n. 3, 431 A.2d 267.

Our comment in *Strinich* pertaining to the nature of the Secretary's review amounts to a departure from the character of his review authority as defined by the School Code and by prior case law. The School Code "establishes the Secretary of Education as the ultimate fact finder in cases of this nature and with this status goes the power to determine the credibility of witnesses, the weight of their testimony and the inferences to be drawn therefrom." *Grant v. Board of School Directors*, 43 Pa.Cmwlth. 556, 561, 403 A.2d 157, 159 (1979). The code specifically requires the Secretary to review the official record of the proceedings before the Board and to make a decision which he deems just and proper. The Secretary is granted the further discretionary power to take additional testimony if he deems it necessary to reach a proper decision. The starting point of the process before the Secretary is the record of the hearing before the Board. From that record the Secretary proceeds to a decision which to him appears just and proper. In discharging his duty to reach a just and proper order, the Secretary may make findings of fact, with

or without taking additional testimony. The review limitation announced by our comment in *Strinich* is inconsistent with the meaning and intent of the School Code and contrary to sound dismissal procedures. The importance of broad *de novo* review by the Secretary is emphasized by the provisions limiting review by the Commonwealth Court to traditional appellate review.[8] A professional employee who has had charges brought against him and is aggrieved by the School Board's action is entitled to a further fact-finding procedure in a tribunal other than the School Board.

■ In *Strinich* we cited the case of *Jones v. Workmen's Compensation Appeal Board*, 21 Pa.Cmwlth. 546, 360 A.2d 821 (1976) in noting a limitation on the Secretary's review authority when no additional testimony is taken. This comparison to *Jones* however, does not stand up to close and careful scrutiny. *Jones* involved a workmen's compensation case where the referee who conducts the hearing and makes findings and conclusions is an independent and impartial adjudicator. In a case involving the dismissal of a professional employee, the School Board who hears and adjudicates the case is not an independent body. The Board prefers the charges, prosecutes the case and makes the decision. In addition, it has been held that a lawful and proper hearing may be conducted without all members of the Board present to hear the evidence. *Acitelli v. Westmont Hilltop School District*, 15 Pa.Cmwlth. 214, 325 A.2d 490 (1975); *Boehm v. Board of Education*, 30 Pa.Cmwlth. 468, 373 A.2d 1372 (1977). Board members who do not attend the hearing and hear and observe the witnesses may nonetheless participate in the fact finding and decision making process by reviewing the hearing transcript.[9] This makes *de novo* review by the Secretary that much more

8. 24 P.S. § 11–1132 and 2 Pa.C.S.A. § 704.

9. In this case only four of the nine members of the Pittsburgh School Board attended the hearing for Belasco and Powers. One of the members left during the course of the hearing leaving only three board members who saw all of the witnesses and heard all of the testimony.

important.[10] We hold that in an appeal by an aggrieved professional employee under Section 1131 of the School Code, the Secretary is vested with the authority to conduct *de novo* review whether he takes additional testimony or merely reviews the official record of the proceedings before the board. To the extent that *Strinich* provides otherwise, *Strinich* is overruled. Minimum requirements of due process demand that a litigant have, at some stage of a proceeding, a neutral fact-finder. Needless to say that the Secretary, as a neutral finder of facts, may not act arbitrarily or capriciously.

 In the instant case, the Secretary made additional findings of fact without taking additional testimony. The Secretary based his additional findings on the record of the evidence presented to the Board. The Secretary stated:

> "After carefully reviewing the record, the Secretary concludes that a reasonable man acting reasonably could not conclude that either Powers or Belasco physically abused Gary Neel. This conclusion is based on testimony given by the School Administration's own witnesses and uncontroverted testimony by Belasco and Powers. The findings that Powers and Belasco physically abused Gary Neel are necessary ... to sustain a dismissal on the charges of 'cruelty' and 'intemperance' under Section 1122 of the Public School Code."[11]

It follows then that since the evidence received by the Board fails to establish physical abuse by Belasco and Powers, the charges of cruelty and intemperance have not been made out. The Secretary found that the facts did not support either charge. Additionally, the Secretary found that the record did not support the conclusion that Powers and Belasco were guilty of willful and persistent violation

10. Those who argue that it is improper for the Secretary to make his own findings without taking additional testimony because he has not heard and observed the witnesses run head-on into that very procedure that is an approved part of the process before the School Board.

11. *Belasco and Powers v. Board of Public Education,* No. 16–82, Opinion of Secretary of Education, pg. 13.

of the policy prohibiting corporal punishment.[12] Upon our review of the record, we agree.

The order of the Commonwealth Court is affirmed.[13]

NIX, C.J., and HUTCHINSON, J., concurred in the result.

12. The Secretary found that as to Belasco, "the record fails to support that he administered corporal punishment." *Id.,* p. 17.

As to Powers, the Secretary found that Powers' belief that his "love-tap" policy was not corporal punishment and therefore did not violate School Board policy was reasonable based upon the circumstances in the school. Further, the Secretary found that the Board's failure to warn Powers that his "love-tap" policy violated the Board's prohibition against corporal punishment was enough to negate the necessary intentional element of the charge. *Id.,* p. 21.

13. The Secretary erred in not awarding back-pay to the appellees. The Commonwealth Court, citing Section 1130 of the School Code, 24 P.S. § 11–1130, corrected the Secretary's error by directing an award of back-pay. Section 1130 provides: "In all cases where the final decision is in favor of the professional employe ... there shall be no abatement of salary or compensation."