632 A.2d 969

**Robert K. LENKER, Petitioner,**

v.

**EAST PENNSBORO AREA SCHOOL DISTRICT, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1993.

Decided Oct. 8, 1993.

Thomas W. Scott, for petitioner.

Charles O. Beckley, II, for respondent.

Before McGINLEY and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Robert K. Lenker seeks review of an order of the Secretary of Education affirming his discharge from employment under

§ 1122 of the Public School Code of 1949 [1] due to "persistent and willful violation of school laws, immorality, cruelty, and persistent negligence." We vacate and remand for de novo review.

The East Pennsboro School Board instituted dismissal proceedings against Lenker, a health and physical education teacher, for conduct which included using profanity when disciplining students and calling students humiliating, profane names. At his hearing, Lenker sought to provide the School Board with expert testimony from his psychiatrist, Dr. Hostetter. However, Dr. Hostetter was in China at the time and the School Board refused to hold the record open until he returned. The School Board found Lenker guilty of the offenses with which he had been charged and dismissed him.

Lenker appealed to the Secretary of Education, who accepted further testimony from Dr. Hostetter. Dr. Hostetter testified that Lenker suffered from an "adjustment disorder" which reduced his level of "wilfulness."

The Secretary affirmed the School Board. On appeal to this court,[2] Lenker contends that the Secretary used an incorrect scope of review in doing so. We agree.

*Belasco v. Board of Public Education*, 510 Pa. 504, 510 A.2d 337 (1986) established that the proper scope of review to be used by the Secretary of Education in teacher tenure proceedings is de novo review. Thus, the Secretary has discretion to accept additional evidence and must make findings of fact regardless of whether new evidence is accepted. The language used in *Belasco* indicates that the Secretary has "authority" to make new findings independent from those made by the Board. The court observed that de novo review by the Secretary is necessary to preserve teachers' due process rights because the only opportunity they have for a truly

1. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 11–1122.

2. Our scope of review is to determine whether the findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

neutral fact-finder is at the Secretary level.[3] With this ratio-
nale in mind, we believe that the Secretary has not only the
authority but also a duty and obligation to review teacher
tenure matters de novo and to make independent findings.[4]

The School District contends the Secretary did, in fact,
review the matter de novo. We disagree. Although the
Secretary accepted additional evidence and made findings of
fact, he did so with the belief that he must affirm the school
board's decision if it was supported by substantial evidence.
The Secretary's opinion states:

> It is well-established that the Secretary has authority to
> conduct de novo review of teacher tenure proceedings,
> whether he takes additional testimony or merely reviews
> the record. Belasco v. Pittsburgh Board of Public Edu-
> cation, 510 Pa. [504] 503, 510 A.2d 337 (1986). However, the
> Secretary must affirm the Board's decision to dismiss if it is
> supported by the evidence. Central Area School District v.
> Ehrhart, 36 Pa.Commonwealth Ct. 278, 387 A.2d 1006
> (1978).

This attempt to combine the appellate standard set forth in
*Ehrhart* with the de novo review standard as set forth in
*Belasco* was inappropriate. *Belasco* changed the law concern-
ing the Secretary's role in teacher tenure proceedings and
specifically overruled prior inconsistent cases.

After citing *Ehrhart*, the Secretary continued to make
repeated reference to a substantial evidence-type standard of

---

**3.** At the school board level, there is grave risk of prejudice because the
board members serve as prosecutors, fact-finders and decision-makers
simultaneously. In this case, the procedure for dismissing Mr. Lenker
began with the School District's recommendation to the School Board
that Mr. Lenker be discharged. The School Board members investigat-
ed the charges, then voted as a body to proceed with a hearing. At the
hearing, the School Board members moved from their grand jury role
into a role which combined prosecutorial, fact-finding, and adjudicative
functions.

**4.** The Secretary need not make findings which are substantially differ-
ent from those of the school board. What is required is that the
Secretary independently reviews the evidence, takes additional evidence
if necessary, makes independent findings based on all the evidence, and
bases conclusions on those findings.

review throughout the remainder of the opinion. Because of this, we conclude that, although the Secretary cited *Belasco* initially, the true touchstone of his analysis was based on the principles of appellate review.

The need for the Secretary to exercise de novo review in this case is especially apparent because Dr. Hostetter's testimony was not presented until the matter was before the Secretary. Even before *Belasco* was decided, the Secretary was required to use a de novo standard when new evidence was taken. *See Strinich v. Clairton School District*, 494 Pa. 297, 431 A.2d 267 (1981) *overruled by Belasco.* Furthermore, in limiting himself to an appellate standard of review, the Secretary precluded himself from making a determination about Dr. Hostetter's credibility.[5]

We vacate the Secretary's decision and remand the case to the Secretary for de novo review. It is therefore unnecessary for us to address Lenker's other arguments.

## ORDER

AND NOW, this 8th day of October, 1993, the order of the Secretary of Education dated October 13, 1992 is vacated and the case remanded for de novo review.

Jurisdiction relinquished.

---

5. We have not, however, considered whether psychiatric disorder or diminished capacity is a defense in teacher tenure proceedings.