767 A.2d 1051

**Thomas KATRUSKA, Appellee,**

v.

**BETHLEHEM CENTER SCHOOL DISTRICT, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 12, 2000.

Decided March 21, 2001.

---

Matthew M. Hoffman, for Bethlehem Center School District.

John H. Rushford, Pittsburgh, for Thomas Katruska.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and SAYLOR, JJ.

## OPINION

ZAPPALA, Justice.

This is an appeal by the Bethlehem Center School District from the Commonwealth Court's order vacating the order of the Secretary of Education, which had affirmed the School District's decision to demote Thomas Katruska from his position as a high school principal. For the following reasons, we reverse the order of the Commonwealth Court.

Thomas Katruska was employed by the School District as the high school principal beginning with the 1992–93 school year. As Superintendent of the School District, Dr. Thomas Knight was responsible for the overall supervision and evaluation of Katruska. Katruska received satisfactory evaluations

for the 1992–93, 1993–94 and 1994–95 school years; however, each of the evaluations noted areas of concern that required corrective action.

On June 18, 1996, Dr. Knight issued an unsatisfactory rating to Katruska for the 1995–96 school year. The evaluation indicated that Katruska had failed to maintain a good working relationship with clerical and teaching staff, had failed to provide adequate direction to his staff, had failed to act professionally on a number of occasions, had failed to demonstrate a willingness to cooperate towards accomplishing district goals, and had failed to satisfactorily administer the building's instructional or managerial goals. A plan of assistance for improving Katruska's performance for the 1996–97 school year was provided with the evaluation.

At a public meeting of the School District's Board of Directors on July 22, 1996, Dr. Knight recommended that Katruska be demoted from his position as high school principal to a teaching position. The Board voted 7–0 to accept the recommendation. By resolution, Katruska was demoted effective July 31, 1996. Katruska was notified of the demotion by letter dated July 23, 1996. The letter advised Katruska that he had until 3:00 p.m. on July 29, 1996 to notify the School District whether he would consent to the demotion or request a hearing.

Katruska requested a hearing before the Board on the demotion. Evidentiary hearings were conducted before the Board on several dates between August 14, 1996 and October 24, 1996. When the evidentiary hearings were completed, the Board directed Katruska and the School District to submit proposed findings of fact and conclusions of law. On August 25, 1997, the Board approved the resolution recommending Katruska's demotion by a vote of 6–2, with one member absent for the vote.

Pursuant to the Public School Code of 1949, 24 P.S. § 11–1131, Katruska filed an appeal by petition to the Secretary of Education from the Board's action. The petition asserted, inter alia, that the Board's decision was not supported by

substantial evidence and that the Board had erred in failing to address Katruska's argument that one of the Board's members, Mr. Bartolomucci, should not have been permitted to hear the case because his wife, a secretary and attendance officer for the senior high school, had testified as a witness during the hearing. Katruska had objected to her testimony at the hearing on the basis that a potential bias existed because Mr. Bartolomucci would participate in the deliberations and ultimately vote on the matter.

On June 15, 1998, the Secretary of Education entered an order affirming the Board's decision. The Secretary of Education found that the Board's decision to remove Katruska from the leadership position of high school principal and return him to the classroom was well-reasoned and justified, and was not arbitrary, discriminatory or founded upon improper considerations. Katruska's claim that allowing a board member, who was the husband of one of the witnesses presented by the School District, to vote on the demotion violated due process was rejected. The Secretary of Education concluded that while the board member's participation may have been imprudent, his participation did not violate the provisions of the Public School Code. Furthermore, the Secretary of Education's de novo review of the proceedings was found to cure any potential for bias as a result of that participation.

Katruska appealed the decision to the Commonwealth Court, asserting that the board member's participation in the vote violated Section 1129 of the Public School Code and that his due process rights were violated.[1] Katruska also chal-

1. Section 1129, relating to the vote required for dismissal, provides that:

> After fully hearing the charges or complaints and hearing all witnesses produced by the board and the person against whom the charges are pending, and after full, impartial and unbiased consideration thereof, the board of school directors shall by a two-thirds vote of all the members thereof, to be recorded by roll call, determine whether such charges or complaints have been sustained and whether the evidence substantiates such charges and complaints, and if so determined shall discharge such professional employe. If less than two-thirds of all of the members of the board vote in favor of

lenged his demotion on the merits. The Commonwealth Court rejected Katruska's claim that Section 1129 had been violated, but concluded that he had been denied due process because the board member's presence during the deliberations and vote on the demotion created an appearance of bias in the proceedings. Given its disposition of the procedural challenge, the court found it unnecessary to address the merits of Katruska's appeal. The court vacated the Secretary of Education's order and remanded the matter to the Board.

■ We granted the petition for allowance of appeal filed by the School District to address whether the Commonwealth Court erred in concluding that the Secretary's de novo review of the demotion proceedings failed to satisfy the requirements of due process.[2] We conclude that the requirements of due process were met by the de novo review procedure under the Public School Code.

Section 1151 of the Public School Code provides that:

The salary of any district superintendent, assistant district superintendent or other professional employe in any school district may be increased at any time during the term for which such person is employed, whenever the board of school directors of the district deems it necessary or advisable to do so, but there shall be no demotion of any professional employe either in salary or in type of position, except as otherwise provided in this act, without the consent of the

discharge, the professional employe shall be retained and the complaint dismissed.

No member of any board of school directors shall vote on any roll call if he is related as father, mother, brother, sister, husband, wife, son, daughter, stepson, stepdaughter, grandchild, nephew, niece, first cousin, sister-in-law, brother-in-law, uncle or aunt to the professional employe involved or to any of the parties instituting the complaint. 24 P.S. § 11-1129. Pursuant to Section 1151 of the Public School Code, 24 P.S. § 11-1151, the demotion of a professional employee is subject to the right to a hearing before the board of school directors and an appeal in the same manner as a dismissal.

The court determined that because Mrs. Bartolomucci did not institute the complaint against Katruska, her husband was not precluded from voting on the recommendation for his demotion under § 1129.

2. As the issue involves a question of law, our scope of review is plenary. *Phillips v. Best Products Co.*, 542 Pa. 124, 665 A.2d 1167 (1995).

employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe.

24 P.S. § 11–1151.

The Secretary of Education, formerly Superintendent of Public Instruction, is vested with the authority to hear appeals brought by professional employees aggrieved by the board of school directors. Section 1131 of the Public School Code establishes the procedure for taking an appeal. The provision requires that the professional employee appeal by filing a petition setting forth the grounds for the appeal within thirty days after receipt by registered mail of the written notice of the decision of the board of school directors. A copy of the appeal must be served by registered mail on the secretary of the school board.

The Secretary of Education is required to fix a date and time for a hearing no earlier than ten days and no later than thirty days after presentation of the petition, and to give written notice to all interested parties. Section 1131 further provides that,

> The Superintendent of Public Instruction shall review the official transcript of the record of the hearing before the board, and may hear and consider such additional testimony as he may deem advisable to enable him to make a proper order. At said hearing the litigants shall have the right to be heard in person or by counsel or both.

> After hearing and argument and reviewing all the testimony filed or taken before him, the Superintendent of Public Instruction shall enter such order, either affirming or reversing the action of the board of school directors, as to him appears just and proper.

24 P.S. § 11–1131. Pursuant to 24 P.S. § 11–1132, the ruling or decision of the Secretary of Education is final unless an appeal is taken in accordance with the provisions of the Administrative Agency Law, 2 Pa.C.S. §§ 701 et seq.

In *Belasco v. Board of Public Education*, 510 Pa. 504, 510 A.2d 337 (1986), we addressed the nature of the Secretary of Education's review of an appeal from the decision of a board of school directors when no additional testimony is taken. The School Board of Pittsburgh had suspended two teachers without pay and filed formal charges against them for violating a policy banning corporal punishment of students. The teachers were dismissed from their positions after a hearing before the school board. The Secretary of Education reversed the decision on appeal and ordered that the teachers be reinstated without back pay. The Commonwealth Court affirmed the reinstatement, but modified the order by directing the award of back pay.

The school board argued on appeal that the Secretary of Education erred by making additional findings of fact based solely upon his review of the record before the board and without receiving additional testimony. The school board asserted that when no additional testimony was taken, the Secretary of Education's review was limited to determining whether an error of law had been committed, constitutional rights had been violated, or the findings of fact and conclusions of law were supported by substantial evidence. We rejected the school board's argument and affirmed the Commonwealth's Court order. We held that in an appeal by an aggrieved professional employee under Section 1131 of the Public School Code, the Secretary of Education is vested with the authority to conduct a de novo review of the proceedings whether or not additional testimony is taken.

In reaching our conclusion, we traced the development of the procedures for taking an appeal from the school board's decision. We observed that the Secretary of Education's role in the appeal process remained unchanged from the earlier Act of June 20, 1939, P.L. 482; however, under the 1939 Act, an aggrieved professional employee could appeal the Secretary of Education's decision to common pleas court and obtain a hearing de novo upon specific request. When the Public School Code was amended in 1971, the Commonwealth Court was substituted for common pleas court as the court hearing

appeals from decisions of the Secretary of Education. The Legislature subsequently eliminated de novo review in the Commonwealth Court by amending Section 1132 of the Public School Code in 1973 so that appeals were to be taken in accordance with the Administrative Agency Law.

We discussed the significance of the de novo hearing from the decision of a school board.

The provision for a hearing *de novo* before the Common Pleas Court provided an aggrieved professional employee with an opportunity to have the facts of his case heard again in an independent forum. In the hearing before the School Board, the Board acts in a dual capacity, both as prosecutor and judge. The circumstances of the Board serving in this twin function creates a potential for prejudice. We recognized this potential in *Appeal of Spano,* 439 Pa. 256, 267 A.2d 848 (1970) where we said:

"[B]efore a tenured professional employee is dismissed he is entitled to notice of the charges against him and a public hearing before the board of school directors. At that hearing the board plays a dual role. It acts both as prosecutor and as judge, and because of this it can never be totally unbiased. See *Spruce Hill Township School Board of Directors v. Bryner,* 148 Pa.Super. 549, 25 A.2d 745 (1942). Cf. *Gardner v. Repasky,* 434 Pa. 126, 252 A.2d 704 (1969). By providing in § 1132(b) for a de novo hearing by request in the court of common pleas as part of the appeal from the decision of the Superintendent, the legislature has given the employee the opportunity for a hearing in a forum free of any bias. Thus, if the employee-appellant desires, he can have his case retried in a forum in which the School Board plays only the role of prosecutor and not that of judge also."

510 A.2d at 340–41.

We observed that "[m]inimum requirements of due process demand that a litigant have, at some stage of a proceeding, a neutral factfinder." *Id.* at 342. The protections afforded to an aggrieved professional employee by the requirements of

due process were found to be provided by the de novo review of the proceedings by the Secretary of Education as a neutral factfinder.

In this case, the School District argues that the Commonwealth Court's conclusion that the de novo hearing in Katruska's appeal from the demotion before the Secretary of Education failed to satisfy due process requirements was inconsistent with *Belasco*. The Commonwealth Court did not address *Belasco* in its opinion, however. The court focused primarily upon our decision in *Lyness v. State Board of Medicine*, 529 Pa. 535, 605 A.2d 1204 (1992), in reaching its conclusion that Katruska was denied his due process rights and that de novo review of the demotion proceedings by the Secretary of Education was insufficient to restore the integrity of the administrative process.

*Lyness* involved an appeal by a physician whose license to practice medicine and surgery in the Commonwealth of Pennsylvania was revoked by the State Board of Medicine, after the board had initiated disciplinary hearings and concluded that the physician had committed acts constituting immoral and unprofessional conduct. The physician asserted that his right to due process was violated because the same board determined that probable cause existed to bring formal charges against him and that his conduct warranted the revocation of his medical license. The issue presented was whether a violation of due process occurs under the Pennsylvania Constitution when an administrative board, such as the State Board of Medicine, both determines that a professional licensing prosecution should be initiated, and then acts as the ultimate factfinder in determining whether a violation has occurred. We determined that the commingling of the prosecutorial and adjudicative functions within a single multi-member administrative board violated due process.

We recognized that due process is required in adjudicative hearings involving substantial property rights, including the right of an individual to pursue a livelihood or profession.

The guarantee of due process of law, in Pennsylvania jurisprudence, emanates from a number of provisions of the Declaration of Rights, particularly Article I, Sections 1, 9 and 11 of the Pennsylvania Constitution. These provisions in turn enjoy a long history in the Commonwealth, tracing their way back to early documents, including the English Magna Charta. As we have stated in the past, in attempting to shed light on the procedural face of due process: "[w]hile not capable of exact definition, the basic elements of procedural due process are adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction of the case."

605 A.2d at 1207. We concluded that "[w]hether or not any actual bias existed as a result of the [State Board of Medicine] acting as both prosecutor and judge is inconsequential; the potential for bias and the appearance of non-objectivity is sufficient to create a fatal defect under the Pennsylvania Constitution." *Id.* at 1210.

█ As we acknowledged in *Belasco,* an inherent potential for bias on the part of school boards exists because of the dual functions they serve in acting as both prosecutor and as judge in proceedings involving professional employees. We find, however, that the Secretary of Education's de novo review of the decision of a school board ensures that the requirements of due process are satisfied. The determination to be reviewed on appeal to the Commonwealth Court is that of the impartial factfinder, the Secretary of Education, rather than that of the school board. The professional employee is provided with notice, opportunity to be heard, and the chance to defend himself or herself before a fair and impartial tribunal through the procedure implemented under the Public School Code. This procedure is distinguishable from that analyzed in *Lyness,* in which the scope of appellate review from a decision of the State Board of Medicine was limited. *See, Lincoln Philadelphia Realty Associates I v. The Board of Revision of Taxes of the City and County of Philadelphia,* 563 Pa. 189, 758 A.2d 1178 (2000) ("... this court has recognized that de novo review serves an ameliorative function where the initial

decision maker is not an independent body."); *Covert v. Bensalem Township School District,* 104 Pa.Cmwlth. 441, 522 A.2d 129 (1987).[3]

Accordingly, the order of the Commonwealth Court is reversed and the matter is remanded for further proceedings.

NEWMAN, J., did not participate in the consideration or decision of this case.

---

**3.** In dicta, the Commonwealth Court stated that if Board member Bartolomucci's vote was not included in the count, there would not have been sufficient votes to demote Katruska under the Public School Code and the matter would never have been before the Secretary of Education for review. Although it is not relevant to our determination, we note that this analysis is inconsistent with the Commonwealth Court's decision in *Bilotta v. The Secretary of Education,* 8 Pa.Cmwlth. 631, 304 A.2d 190 (1973).