Ruth F. Grant, Petitioner *v*. The Board of School Directors of the Centennial School District, Respondent.

Argued May 11, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Charles J. King, Jr.*, with him *Rogers, King & Cole*, for petitioner.

*John Phillip Diefenderfer*, with him *Stuckert, Yates and Krewson*, for respondent.

OPINION BY JUDGE ROGERS, June 27, 1979:

After lengthy hearings, the Board of School Directors of the Centennial School District dismissed Ruth F. Grant from her employment as a professional employee for incompetency. Mrs. Grant appealed to the Secretary of Education who set aside the Board's action on the ground that Mrs. Grant had not twice been rated unsatisfactory prior to her dismissal. The School District appealed the Secretary's action to this Court and in *Centennial School District v. Secretary of Education*, 31 Pa. Commonwealth Ct. 307, 376 A.2d 302 (1977) (allocatur refused), we held that there was no law or valid regulation which required two unsatisfactory ratings before the dismissal of a profes-

sional employee and we remanded the record to the Secretary for review of the merits of Mrs. Grant's appeal. Mrs. Grant's counsel then wrote to the Secretary as follows:

> Since the two rating requirement issue was the focus of Dr. Grant's appeal and hearing thereon held before the Secretary of Education of October 31, 1975, and since that issue has now been resolved adversely to Dr. Grant and the Department of Education by the Commonwealth Court, we herewith request that a hearing be held at which Dr. Grant may present evidence which is relevant to those issues still unresolved in this Appeal.

The Secretary declined to afford the requested additional hearing. She reviewed the record and upheld the School Board's action because she believed it was supported by the record made at the Board hearings.

The appellant makes three points in this further appeal. Two, we believe, are without merit. She contends that the Secretary abused her discretion in declining to provide the requested further hearing. Her thesis is that at the time of the hearings conducted by the School Board she, meaning, of course, her counsel, reasonably believed that the law required that two unsatisfactory ratings should precede the dismissal of a professional employee and that for this reason she did not present a full defense of her competency. The record fails to support the thesis. The School District contested the validity of the appellant's assertion concerning the necessity of two unsatisfactory ratings from the outset. Further, Mrs. Grant testified at length on both direct and cross-examination as to the merits, and at one place or another she refuted or explained every significant incident or circumstance depended on by the School Board as evidence of incompetency. At the conclusion of the hearings, Mrs. Grant's able counsel summed up on the

merits with considerable vigor. In contrast to the one short paragraph concerning ratings, counsel's argument on the merits consumes more than eleven pages of the reproduced record. There is no suggestion whatever in the record of the hearings, which we have read with some care, that the appellant's counsel was proceeding lightly on the merits. His cross-examination of the School Board's witnesses was thorough to a fault and his objections numerous. Finally, the appellant has failed to disclose the nature of the evidence she would offer at a further hearing, either to the Secretary or, in her brief, to us. She tells the Secretary only that it will be relevant and she tells us that she will present a case on the merits. As we have already noted, she adduced testimony which in fact purported to deny or explain away the School Board's case at the two hearings of the School Board which consumed a total of thirteen hours, the first of which was adjourned at 1:10 o'clock A.M. and the second at 4:00 o'clock A.M.

The appellant next complains, we believe without effect, that the unsatisfactory rating given her shortly before the charges which led to her dismissal were lodged, should have been disregarded with the result that she could not be held to have been lawfully dismissed. Section 1123 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1123, provides that "[i]n determining whether a professional employe shall be dismissed for incompetency . . . the professional employe . . . shall be rated by an approved rating system. . . ." The appellant says that the Secretary abused her discretion or made an error of law in holding in her decision after our remand that Mrs. Grant's dismissal had been lawfully made, in view of the expression by her predecessor Secretary of Education in his decision made two years earlier that the same rating lacked integrity. Not only was the first Secretary's comment

on the rating clearly dictum, it appeared in a decision which we reversed with an order of remand. It was surely within the power of the successor Secretary of Education who was required to decide the matter anew to disagree with the former Secretary on this matter, as she obviously, and in our view correctly, did.

The appellant's remaining point has merit. She complains that the Secretary of Education misconceived her function and that instead of making findings of fact and adjudicating the matter on the merits as was proper, she reviewed the record to see whether it contained substantial evidence supporting the School Board's conclusion that Mrs. Grant was an incompetent professional employee. The appellant is correct in this assertion; the record comes to us without findings of fact on the merits by either the School Board or the Secretary of Education.

Section 1132 of the Public School Code of 1949, 24 P.S. §11-1132 provides that appeals from the Secretary shall be taken to this Court in accordance with the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.1 et seq.

Section 44 of the Administrative Agency Law, 71 P.S. §1710.44, pertinently described our duty with respect to appeals under the Act as that of affirming "the adjudication unless . . . any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence.[1] Section 34 of the Act, 71 P.S. §1710.34, required all adjudications to contain findings of fact.[2] Obviously,

---

[1] The Administrative Agency Law was repealed by Section 2(a) of the Judiciary Act Repealer Act (JARA), Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1244]. A provision materially identical to Section 44 of the Administrative Agency Law was supplied at 2 Pa. C.S. §704.

[2] A provision materially identical to Section 34 of the Administrative Agency Law, repealed by Section 2(a) of JARA, was supplied at 2 Pa. C.S. §507.

we are unable to review matters coming to us from administrative agencies by the standard established by the Act if there are no findings of fact, as is the case here. The School Board was not required to make findings of fact as we directly held in *Penn-Delco School District v. Urso,* 33 Pa. Commonwealth Ct. 501, 382 A.2d 162 (1978). Furthermore, Section 1131 of The Public School Code of 1949, 24 P.S. §11-1131, describes the Secretary's appellate duties and powers in these matters in the broadest possible terms. The Section provides in part:

> The [Secretary of Education] shall review the official transcript of the record of the hearing before the board, and may hear and consider such additional testimony as he may deem advisable to enable him to make a proper order. At said hearing the litigants shall have the right to be heard in person or by counsel or both.

> After hearing and argument and reviewing all the testimony filed or taken before him, the [Secretary of Education] shall enter such order, either affirming or reversing the action of the board of school directors, as to him appears just and proper.

The provision in sum establishes the Secretary of Education as the ultimate fact finder in cases of this nature and with this status goes the power to determine the credibility of witnesses, the weight of their testimony and the inferences to be drawn therefrom. It follows that the Secretary must provide us with the product of the exercise of that power—her findings of fact on the remaining matter at issue, that of Mrs. Grant's alleged incompetency.

## ORDER

AND Now, this 27th day of June, 1979, the order of the Secretary of Education made July 25, 1978 is

vacated and the record is remanded to the Secretary of Education for an adjudication, including findings of fact, consistent with this opinion.