George Melson, Petitioner *v.* The Board of School Directors of the State College Area School District et al., Respondents.

Argued June 6, 1980, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Benjamin Novak, Novak and Donovan,* for petitioner.

*John R. Miller, Jr., Miller, Kistler & Campbell, Inc.,* for respondents.

OPINION BY JUDGE ROGERS, July 3, 1980:

George Melson, a former permanently tenured professional employee of the State College Area School District, has appealed from an order of the Pennsylvania Secretary of Education upholding the action of his School Board dismissing him from its service for incompetence.

Melson was notified in writing that the district superintendent of schools had recommended his dismissal. He requested a hearing and after seven hearing sessions at which more than thirty witnesses testified the School Board voted unanimously to dismiss him. Melson appealed this action to the Secretary of Education pursuant to Section 1131 of The Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1131. After a hearing, the Secretary of Education, as noted, affirmed the School Board's action, accompanying his order with numerous findings of facts on the merits, a thorough discussion of the issues, including the issues raised in this appeal, and conclusions of law.

Although stated as five questions involved, essentially only one issue is raised in this appeal. Melson contends that the procedure established by the statutes and case law with respect to the discipline of permanently tenured professional employees—consisting of hearing before the school board, school board action without findings, and a review and adjudication by the Secretary of Education—denies the employee due process. The contention is that the school board, the body which hears the evidence in the first instance,

should make the findings and give reasons for its action. Unfortunately, it has been anticipated by others and rejected.

In *LaPorta v. Bucks County Public Schools Intermediate Unit, No. 22,* 15 Pa. Commonwealth Ct. 566, 327 A.2d 655 (1974), we held that appeals from actions of school boards with respect to permanently tenured professional employees are governed by The Public School Code of 1949, not the Local Agency Law,[1] and therefore are properly taken to the Secretary of Education. In *Penn-Delco School District v. Urso,* 33 Pa. Commonwealth Ct. 501, 382 A.2d 162 (1978), we held that The Public School Code of 1949 does not require school boards to make findings or state reasons when dismissing a professional employee. Lastly, in *Grant v. Board of School Directors,* 43 Pa. Commonwealth Ct. 556, 403 A.2d 157 (1979), we held, consonant with the cases just cited, that the Secretary of Education is the ultimate fact finder in cases of appeals by permanently tenured professional employees and that his decisions are adjudications and as such must be accompanied by findings of fact. The three cases cited fully explain the law of this case and require no further exposition here.

The suggestion that there is some fundamental unfairness in not requiring the school board which first hears the matter to provide findings and reasons for its decision is wholly without merit. Following the seven hearing sessions which preceded the School Board's action, the Secretary of Education on review made exhaustive findings, a thorough exposition of the points raised and complete conclusions of law—in connection with all of which Melson was represented by able counsel.

Order affirmed.

---

[1] Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq.

534

## Order

And Now, this 3rd day of July, 1980, the order of the Secretary of Education dated June 22, 1979 is affirmed.