582 A.2d 741

**Patrick AHERN, et al., professional employes of the Chester–Upland School District, Petitioners,**

v.

**CHESTER–UPLAND SCHOOL DISTRICT, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1990.
Decided Nov. 20, 1990.

252

Robert M. DiOrio, DiOrio and Falzone, Media, for petitioners.

Leo A. Hackett, Media, for respondent.

Before PALLADINO and BYER, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Patrick Ahern, et al., (Petitioners)[1] appeal an order of the Secretary of the Department of Education (Secretary) which affirmed a decision of the Chester–Upland School District Board of School Directors (Board) that Petitioners were not demoted as a result of the 1987 compensation plan[2] for Petitioners. We affirm.

Petitioners are school administrators employed in the Chester–Upland School District. In June of 1987, the Board approved a four-year compensation plan in which Petitioners would receive annual salary increases and would work twelve-month years rather than ten-month years (Plan). The Plan was to be applied retroactively to the 1986–87 school year. Petitioners requested a hearing before the Board alleging that they had been demoted in salary within the meaning of Section 1151 of the Public School Code of 1949 (Code.)[3] Following a hearing on January 21, 1988, the Board held that Petitioners were not demoted under the Plan. Petitioners appealed and the Secretary affirmed.

On appeal to this court,[4] Petitioners raise the following issues: 1) whether the Board and the Secretary erred in determining that Petitioners did not suffer a demotion as a result of the Plan which resulted in a per diem reduction;

1. Petitioners are Patrick Ahern, John Brown, Frank Bruno, James Carey, Elizabeth Corso, Joseph Jennings, Russell Johnson, Joseph Kurman, William Polk, Evelyn Prattis, Paul Predzial, Aaron Wilson and Clifford Wilson.

2. The compensation plan is the result of meet and discuss sessions held pursuant to Section 704 of the Public Employee Relations Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. § 1101.704. However, the meet and discuss sessions did not produce a contract. The parties stipulated before the Secretary that the Plan was a policy decision of the Board and not a binding contract between the parties.

3. Section 1151 of Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 11–1151.

4. In an appeal of the Secretary's order, our scope of review is limited to a determination of whether findings of fact are supported by substantial evidence, errors of law were committed, or constitutional rights were violated. *Murphy v. Department of Education,* 74 Pa.Commonwealth Ct. 499, 460 A.2d 398 (1983).

and 2) whether the Plan was illegally implemented before the hearing was held.

Petitioners argue that because the number of workdays was increased, they would be paid less per day[5] under the Plan than under prior plans, despite an increase in annual salary. Petitioners assert that this lower per diem rate constituted a demotion.

Section 1151 of the Code states as follows:

The salary of any district superintendent, assistant district superintendent or other professional employe in any school district may be increased at any time during the term for which such person is employed, whenever the board of school directors of the district deems it necessary or advisable to do so, but there shall be no demotion of any professional employe either in salary or in type of position, except as otherwise provided in this act, without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe.

A demotion within the meaning of Section 1151 of the Code requires either a reduction in salary or a change in the type of position.[6] *Horton v. Jefferson County–Dubois Area Vocational Technical School,* 118 Pa.Commonwealth Ct. 598, 545 A.2d 998 (1988). The employee has the burden of proving that he suffered a demotion. *Jefferson County–Dubois Area Vocational Technical School v. Horton,* 50 Pa.Commonwealth Ct. 445, 413 A.2d 36 (1980).

5. Petitioners' average per diem wages were reduced ranging from $18 to $3. Petitioners annual salary increases ranged from $815 to $7,650. Exhibit E–3.

6. We note that Petitioners do not argue that their positions have been changed or that the increase in days worked resulted in a demotion. Petitioners merely argue that the resulting decrease in per diem salary was caused by the failure of the salary increases to keep pace with the increase in the number of work days and therefore constitutes a demotion in salary.

■ The Secretary held that Petitioners' salaries must be calculated on an annual basis and should not be calculated on a per diem basis. The Secretary reasoned that traditionally professional employees, such as Petitioners, have been paid on an annual basis and that Petitioners "are required to successfully organize and manage certain projects throughout the year. These requirements must be met, whether it takes the administrator eight hours per day or twelve hours per day, and regardless of the amount of leave that may be taken by the administrator."[7] The Secretary concluded that because Petitioners did not suffer a reduction in annual salary they were not demoted under the Code.

The Secretary's analysis is supported by other sections of the Code. Section 1142 of the Code[8] sets minimum salaries for teachers and administrators which are based upon the entire school year and not on a per diem basis. Further, the form contract for all professional employees which is provided in section 1121 of the Code[9] states in pertinent part as follows:

> IT IS AGREED by and between ............ Professional Employe, and the board of Directors (or Board of Public Education) of the school district of ..............., Pennsylvania, that said professional employee shall, under the authority of said board and its successors, and subject to the supervision and authority of the properly authorized superintendent of schools or supervising principal, serve as a professional employe in the said school district for a term of ............... months, for an *annual compensation* of $ ............., payable monthly or semi-monthly during the school term or year.... (Emphasis added.)

7. *Ahern, et al. v. Chester-Upland School District,* (Teacher Tenure Appeal No. 8–88, Office of the Secretary of Education of Pennsylvania, November 16, 1989) slip op. at 3–4.

8. 24 P.S. § 11–1142.

9. 24 P.S. § 11–1121.

From these Code sections, we conclude that salary as used in section 1151 means annual salary and that the language of the section does not support a per diem rate calculation. Because it is undisputed that Petitioners' annual salaries increased following the implementation of the Plan, we hold that Petitioners did not suffer a demotion as defined in section 1151 of the Code.

■ As to the second issue, Petitioners argue that the Plan is illegal because it was implemented before they received the January 21, 1988 hearing. Thus, Petitioners allege that they are entitled to an increase in salary levels so that there is no per diem decrease in compensation.

■ Petitioners are correct that a demotion pursuant to section 1151 of the Code cannot become effective until after a hearing has taken place. *Nagy v. Belle Vernon Area School District*, 49 Pa.Commonwealth Ct. 452, 412 A.2d 172 (1980). However, because we concluded above that Petitioners were not demoted, the Board was entitled to implement the Plan prior to conducting a hearing.

Accordingly, we affirm.

## ORDER

AND NOW, November 20, 1990, the order of the Secretary of Education in the above-captioned case is affirmed.