621 A.2d 1121

**FOREST AREA SCHOOL DISTRICT, Petitioner,**

v.

**John L. SHOUP, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 19, 1992.

Decided Feb. 10, 1993.

424

Joseph J. Liotta, III, for petitioner.

John J. Barber, for respondent.

Before PALLADINO and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Forest Area School District (District) appeals an order of the Secretary of the Department of Education (Secretary) which reversed a decision of the Board of School Directors of the Forest Area School District (Board) dismissing John L. Shoup (Shoup) and ordered reinstatement of Shoup with back pay.

Shoup is a professional employee of the District and employed as a librarian in the East Forest Elementary School. On October 4, 1989, Shoup led a class of sixth grade students into the school library for a library class. While the students were lined up in the hallway outside of the library, a male student, Jeremy, stepped out of line. Shoup allegedly removed Jeremy from the line and verbally admonished him (the Jeremy incident). Jeremy did not report this incident.

Following the same library class, a female student, Becky, reported to her classroom teacher that during the library class Shoup had kicked her and snapped her bra twice (the Becky incident). Becky also reported her version of the Jeremy incident to the classroom teacher.

The classroom teacher relayed the Becky and Jeremy incidents to school administrators. The school administrators immediately conducted investigative interviews with the sixth grade students and with Shoup.

On October 16, 1989, a pre-determination meeting was held by school administrators, after which Shoup was suspended for two days with pay pending a regular meeting of the Board on October 18, 1989. At the Board meeting, it was decided that formal dismissal proceedings would be instituted against Shoup. Shoup was informed that he would be suspended without pay pending the outcome of these formal proceedings.

By letter dated December 6, 1989, the Board formally charged Shoup with persistent violation of school laws, cruelty and immorality with respect to the Becky incident, and immorality with respect to the Jeremy incident.[1]

After four days of Board hearings, the Board dismissed Shoup on the grounds of cruelty, immorality, and persistent and willful violation of school laws with respect to the Becky incident, and persistent and willful violation of school laws with respect to the Jeremy incident. Shoup appealed to the Secretary.

The Secretary, after conducting a *de novo* review, reversed the Board. The Secretary determined that the finding that the Becky incident occurred was not supported by substantial evidence, and that the Jeremy incident was invalidated by a procedural defect.[2] The Secretary, therefore, reversed the Board and ordered reinstatement of Shoup with back pay.

---

1. Under section 11–1122 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. 11–1122:

    The only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, advocation of or participating in un-American or subversive doctrines, persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employee....

2. The procedural defect, as determined by the Secretary, was that the Board had failed to properly notify Shoup of the charges against him with respect to the Jeremy incident. The Secretary explained that, with respect to the Jeremy incident, Shoup was charged only with immorality, but that the Board dismissed him for persistent and willful violation of school laws. The Secretary concluded that the statement of charges against Shoup did not adequately inform Shoup of the charges against him with respect to the Jeremy incident, and that Shoup was unable to prepare an adequate defense in response to those charges.

On appeal to this court, District raises the following issues: 1) whether the Secretary's determination that the Becky incident did not occur is supported by substantial evidence; 2) whether the Secretary erred in determining that the Board's finding that the Jeremy incident occurred was invalidated by a procedural defect. Our scope of review is limited to a determination of whether the findings of fact of the Secretary are supported by substantial evidence, errors of law were committed, or constitutional rights were violated. *Ahern v. Chester–Upland School District,* 136 Pa.Commonwealth Ct. 251, 582 A.2d 741 (1990). In a case involving the dismissal of a professional employee of a school district, as here, the Secretary is the ultimate factfinder with the power to determine the credibility of witnesses, the weight to be accorded the evidence, and the inferences to be drawn therefrom. *Belasco v. Board of Public Education of the School District of Pittsburgh,* 510 Pa. 504, 510 A.2d 337 (1986) (quoting *Grant v. Board of School Directors,* 43 Pa.Commonwealth Ct. 556, 403 A.2d 157 (1979)).

As to the first issue, whether the Secretary's determination that the Becky incident did not occur is supported by substantial evidence, District argues that the Secretary failed to find as a fact that Shoup had a history of improper physical contact with students. District points to incidents in 1986 which led to a one day suspension of Shoup, and incidents in January of 1989 which led to a five day suspension of Shoup. District contends that the Secretary, by failing to make findings on Shoup's history of improper touching, failed to consider the evidence in the proper context which "in and of itself demonstrates that the Secretary's findings are not supported by substantial evidence." District's Brief at 17.

However, contrary to District's assertions, the Secretary did make findings of fact regarding the 1986 incidents and the January 1989 incidents. The Secretary's finding of fact number 3, states that: "[i]n 1986, Mr. Shoup received a one day suspension, without pay, for allegedly improperly touching students during a lunch period." As to the January 1989 incidents, the Secretary found that "Mr. Shoup was informed

that he would be suspended for five days without pay as the result of a Board decision regarding a prior act of improper touching...." Secretary's Finding of Fact No. 17. Therefore, District's argument is without merit.

District also argues that the Secretary's determination that the Becky incident never occurred is not supported by substantial evidence because the Secretary failed to consider the testimony of two of District witnesses, and because the Secretary failed to find the testimony of the students who testified against Shoup credible. The credibility of witnesses and the weight to be accorded their testimony is within the exclusive province of the Secretary. *Rhodes v. Laurel Highlands School District,* 118 Pa.Commonwealth Ct. 191, 544 A.2d 562 (1988). The Secretary is not required to make specific findings as to the credibility of each and every witness where the decision itself reflects which witnesses were believed and upon whose testimony the Secretary relied.

A review of the testimony of record reveals that at least eight of the witnesses testifying on behalf of Shoup, including the library aide on duty the day of the Becky incident, and seven students who attended the library class with Becky, all testified that they did not see anything unusual happen between Becky and Shoup during the library class. The testimony of these witnesses, including the testimony of Shoup himself, constitute substantial evidence in support of the Secretary's determination that the Becky incident did not occur.

As to the second issue, whether the Secretary erred in determining that the Board's finding that the Jeremy incident occurred was invalidated by a procedural defect, District argues that the formal statement of charges sent to Shoup adequately informed Shoup of the charges against him with respect to the Jeremy incident. District also argues that Shoup did not object at the hearing before the Board when evidence was presented regarding the Jeremy incident, and that Shoup did not raise lack of notice in his appeal to the Secretary. District argues, therefore, that the Secretary should not have considered the issue of lack of notice.

In an appeal by an aggrieved professional employee, the Secretary is vested with the authority to conduct a *de novo* review whether he takes additional testimony or merely reviews the official record of the proceedings before the board. *Belasco.* A *de novo* review entails full consideration of the case another time; the Secretary, in effect, is substituted for the Board, the prior decision maker, and redecides the case. *See Civitello v. Department of Transportation, Bureau of Traffic Safety,* 11 Pa.Commonwealth Ct. 551, 315 A.2d 666 (1974). Because the Secretary decides the case anew, events occurring procedurally at an earlier stage of the case are irrelevant. *Board of School Directors of Ambridge Borough School District, Beaver County v. Snyder,* 346 Pa. 103, 29 A.2d 34 (1942); *Swick v. School District of Borough of Tarentum,* 141 Pa.Superior Ct. 246, 14 A.2d 898 (1940). The Secretary, as ultimate factfinder, must make findings of fact to determine if the record supports the charges against the professional employee. *See Belasco.*

In the present case, because procedural defects occurring before the case reaches the Secretary are not relevant in a *de novo* review, the Secretary improperly reversed the Board as to the Jeremy incident by relying on a procedural defect before the Board. The Secretary, as ultimate factfinder, was required to make findings of fact to determine if the record supported the charge against Shoup with respect to the Jeremy incident. Therefore, we must vacate the order of the Secretary reinstating Shoup and remand for findings as to whether the record supports the charge against Shoup with respect to the Jeremy incident.

Accordingly, the order of the Secretary is vacated and remanded.

## ORDER

AND NOW, February 10, 1993, the order of the Secretary of the Department of Education in the above-captioned matter is vacated and remanded for findings on the Jeremy incident.

Jurisdiction relinquished.

FRIEDMAN, Judge, concurring.

I agree with my colleagues in their analysis of the Becky incident and in the result they reach in the majority opinion.

With respect to the Jeremy incident, however, I disagree that we need to decide whether a procedural defect raised before a previous tribunal is relevant in a *de novo* review. The issue here is whether the Secretary, as the ultimate fact-finder, made findings of fact supported by the official record proceedings in rendering a decision. *Belasco v. Board of Public Education of the School District of Pittsburgh*, 510 Pa. 504, 510 A.2d 337 (1986); *Grant v. Board of School Directors*, 43 Pa.Commonwealth Ct. 556, 403 A.2d 157 (1979).

Although the Secretary carefully analyzed the case on review, he failed to make any specific findings of fact with respect to charge of immorality filed against Shoup. Without such findings, we cannot apply the substantial evidence test necessary for our appellate review. Accordingly, on this basis alone, I would vacate and remand for necessary fact finding.