IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lebanon County                              :
                                            : No. 597 C.D. 2016
                    v.                       : Submitted: July 1, 2016
                                            :
Charles Hoyer,                               :
                    Appellant                :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  December 7, 2016


          Charles Hoyer (Requester), *pro se*, appeals from an order of the Court
of Common Pleas of Lebanon County (trial court) that affirmed in part and
reversed in part a final determination of the Pennsylvania Office of Open Records
(OOR).  The trial court determined OOR erred by failing to consider Lebanon
County's (County) statement of denial based on Section 708(b)(16) of the Right-
to-Know Law (RTKL),[1] which exempts records relating to criminal investigations
from disclosure.  After *in camera* review, the trial court concluded some of the
records qualified for exemption.  As for the remaining records, the trial court
directed copies be provided to Requester within 10 days.  Requester argues the trial
court erred by considering the criminal investigation exemption, and it violated the
law by denying information Requester needed for his criminal appeals.  In

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §67.708(b)(16).

addition, he claims the County violated the trial court's order by resending records already furnished. Upon review, we affirm.

Requester, who is an inmate at the State Correctional Institution at Laurel Highlands,[2] filed a request with the County seeking "[c]opies of all emails in the account of [Assistant District Attorney] Megan Ryland-Tanner [(ADA Ryland-Tanner)] that are in the [C]ounty server for January 26, 2012." Certified Record (C.R.), Item No. 1, Petition for Review, Exhibit B (Request Form).

The County invoked its right to a 30-day extension to respond to the request. C.R., Item No. 1, Petition for Review, Exhibit C. Then, on February 6, 2015, the County denied the request, indicating that no records responsive to the request existed in the County's possession, custody or control. C.R., Item No. 1, Petition for Review, Exhibit D.

Requester appealed to OOR challenging the denial. Requester asserted emails exist, and he included a copy of one email from ADA Ryland-Tanner from January 26, 2012. C.R., Item No. 1, Petition for Review, Exhibit E. Requester also submitted a letter from the County stating the County has been archiving email since January 2011. OOR's Final Determination, 3/25/2015, at 2.

On March 5, 2015, the date the record closed, the County submitted a position statement indicating a secondary search revealed its email server contains two email addresses for ADA Ryland-Tanner, one active email address and one

---

[2] Requester was convicted of numerous counts of sexual offenses against minors, including indecent assault with a person less than 13 years of age, corruption of minors, endangering the welfare of children, indecent assault forcible compulsion, indecent assault without the consent of other, indecent assault with a person less than 16 years of age, and indecent assault of a person unconscious. Trial Court Opinion, 12/29/15, at 2 n.2; Appellee's Brief at 3.

stale email address. The County explained that the stale email address was the only email address located in response to the initial request. Upon locating the active email address, the County provided several emails to Requester. But, it denied other emails claiming they are exempt from disclosure under Section 708(b)(16) of the RTKL because the records relate to criminal investigations.[3] C.R., Item No. 1, Petition for Review, Exhibit F. The County also provided an affidavit of the County Open Records Officer stating that the County released all emails constituting public records in the County's possession to Requester.[4]

OOR determined that the County waived Section 708(b)(16) of the RTKL as a defense. Although the County raised this defense in its position statement filed on March 5, 2015, OOR explained that the County was required to raise the defense by March 2, 2015 – the last day to file an appeal. *See* Section 1101(a)(1) of the RTKL, 65 P.S. § 67.1101(a)(1) (if a written request is denied, the requester may file an appeal within 15 business days of the agency's response). Without considering this defense, OOR granted Requester's appeal, in part, and dismissed it as moot, in part. Specifically, OOR directed the County "to provide *all* emails responsive to the request." C.R., Item No. 1, Petition for Review,

---

[3] Once the County asserted that the request implicated criminal investigative records, the matter should have been submitted for determination to the County appeals officer. Section 503(d)(2) of the RTKL, 65 P.S. §67.503(d)(2) ("The district attorney of a county shall designate one or more appeals officers to hear appeals under Chapter 11 relating to access to criminal investigative records in possession of a local agency of that county. The appeals officer designated by the district attorney shall determine if the record requested is a criminal investigative record.). However, because the matter was already before OOR, that did not occur.

[4] On March 17, 2015, Requester provided additional information in support of his position, which OOR refused to consider on the basis it was submitted after the record closed on March 5, 2015. OOR's Final Determination at 2-3.

Exhibit A (OOR's Final Determination), at 6 (emphasis added). OOR dismissed the remainder of the request as moot on the basis that the County provided some of the requested emails.

From this decision, the County then filed a petition for review with the trial court. The trial court held a *de novo* hearing, at which Requester was permitted to participate by video conference. The trial court allowed the parties to supplement the record and present oral argument and post-hearing briefs. The County provided all emails for the trial court's *in camera* review.

The County argued the withheld emails are not subject to disclosure under the RTKL because they constitute criminal investigative materials under Section 708(b)(16) of the RTKL and the County is prohibited from providing them to Requester under the Criminal History Record Information Act (CHRIA).[5] More particularly, the County asserted that the emails identify the names of juvenile victims of sex crimes and other exempt information related to criminal investigations. The County further argued OOR erred by refusing to consider this defense. In opposition, Requester responded he is entitled to the emails to perfect his legal arguments in his appeal of his criminal convictions. On this basis, he asserted that the County's denial of the emails constituted a violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

Based upon the arguments and evidence adduced at the hearing and after *in camera* inspection of the documents at issue, the trial court affirmed the determination of OOR, in part, and reversed, in part. Specifically, the trial court determined OOR erred in failing to consider the County's statement of denial

---

[5] 18 Pa. C.S. §§9101-9183.

4

based on Section 708(b)(16) of the RTKL. Of the documents submitted for *in camera* review, the trial court designated certain documents as "Criminal Investigation Information" and exempted them from disclosure. The trial court directed copies of the remaining documents be provided to Requester within 10 days. Trial Court Order, 12/29/15, at 2.

In the opinion filed in support, the trial court reasoned that, although the County did not base its initial denial on Section 708(b)(16) of the RTKL, the County was unaware of the existence of the disputed emails at that time. An agency does not automatically waive a basis for nondisclosure simply because that basis was not raised in the initial response denying access. Moreover, the trial court found the County timely raised the defense prior to the close of the record before OOR on March 5, 2015. Therefore, the trial court determined OOR erred by not considering this defense.

As to the merits of the denial, the trial court determined the records are exempt under Section 708(b)(16) of the RTKL because they "contain criminal investigative materials regarding victim and witness information and information regarding the progress of a criminal matter." Trial Court Opinion, 12/29/15, at 15. In addition, because RTKL must be read in conjunction with other laws, the trial court held the emails are protected under CHRIA, which prohibits the dissemination of investigative and treatment information. Section 9106 of CHRIA, 18 Pa. C.S. §9106.

Requester timely appealed to the Superior Court, which then transferred the case here.[6,7] On appeal,[8] Requester contends the trial court erred by affirming in part and reversing in part the decision of OOR, which he claims properly granted access to all emails in the account of ADA Ryland-Tanner on January 26, 2012. Requester asserts that the trial court committed an obstruction of justice and violated *Brady* by denying records related to his alleged wrongful criminal conviction. In addition, he claims the County violated the trial court's directive to surrender certain emails not previously released to him by resending previously-released emails.[9]

---

[6] This Court maintains exclusive jurisdiction of appeals from final orders of the courts of common pleas in RTKL matters. *See* Section 762(a)(3) of the Judicial Code, 42 Pa. C.S. §762(a)(3); Section 1302(a) of the RTKL, 65 P.S. §67.1302(a).

[7] The trial court also directed Requester to file a concise statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b), which he did. In response, on March 24, 2015, the trial court entered an order advising that all issues raised in the statement were fully addressed in the order and opinion of December 29, 2015.

[8] Our standard of review is limited to determining whether the trial court committed an error of law, violated constitutional rights, or abused its discretion. *SWB Yankees LLC v. Wintermantel*, 999 A.2d 672, 674 n.2 (Pa. Cmwlth. 2010), *aff'd*, 45 A.3d 1029 (Pa. 2012). "'The scope of review for a question of law under the [RTKL] is plenary.'" *Id.* (quoting *Stein v. Plymouth Township*, 994 A.2d 1179, 1181 n.4 (Pa. Cmwlth. 2010)).

[9] To the extent the County suggests Requester's failure to file a reproduced record may result in dismissal of his appeal pursuant to Pa. R.A.P. 2188, we disagree. Requester was granted leave to proceed *in forma pauperis*. Consequently, pursuant to Rule 2151(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 2151(b), he was not required to reproduce the record. Moreover, Rule 2188 provides if an appellant fails to file a "required reproduced record within the time prescribed by these rules . . . an appellee may move for dismissal of the matter." Pa. R.A.P. 2188. Technically, the County did not actually move for dismissal, but merely noted the possibility of dismissal in its brief.

We first address the procedural issue of whether the County waived the criminal investigation defense. OOR refused to consider application of the criminal investigation exemption on the basis that the County did not cite this exemption in its written response to Requester. Indeed, the County initially denied the request because it could not locate any responsive records. However, upon further investigation and discovery of a second email account, the County found responsive emails, but it claimed some were exempt under the criminal investigation exception.

Section 903 of the RTKL provides:

> If an agency's response is a denial of a written request for access, whether in whole or in part, the denial shall be issued in writing and shall include:
> (1) A description of the record requested.
> (2) The specific reasons for the denial, including a citation of supporting legal authority.
> (3) The typed or printed name, title, business address, business telephone number and signature of the open-records officer on whose authority the denial is issued.
> (4) Date of the response.
> (5) The procedure to appeal the denial of access under this act.

65 P.S. § 67.903.

In *Levy v. Senate of Pennsylvania*, 65 A.3d 361, 380 (Pa. 2013) (*Levy I*), our Supreme Court held an agency does not waive reasons for non-disclosure simply because they were not addressed in the initial written response. 65 A.3d at 380. As the Court explained, although Section 903 requires agencies to include "[t]he specific reasons in its initial written denial," the section does not specify that an agency must include "all" reasons, nor does it indicate that any reasons not listed are waived. *Id*.

7

On remand, this Court added that "an agency must raise all its challenges before the factfinder closes the record. This will allow efficient receipt of evidence from which facts may be found to resolve the challenges." *Levy v. Senate of Pennsylvania*, 94 A.3d 436, 441 (Pa. Cmwlth.), *appeal denied*, 106 A.3d 727 (2014) (*Levy II*).

Moreover, our Supreme Court holds the common pleas courts "are the ultimate finders of fact and that they are to conduct full *de novo* reviews of appeals from decisions made by the RTKL appeals officers, allowing for the adoption of the appeals officer's factual findings and legal conclusions when appropriate." *Bowling v. Office of Open Records*, 75 A.3d 453, 469 (Pa. 2013). "As to factual disputes, the trial court may exercise functions of a fact-finder and has the discretion to rely upon the record created below or to create its own." *Chambersburg Area School District v. Dorsey*, 97 A.3d 1281, 1288 (Pa. Cmwlth. 2014). Indeed, "[w]here the record before OOR is inadequate to determine whether requested material is exempt from disclosure, [the reviewing court] has discretion to permit a party to enlarge the record on appeal and to consider additional evidence." *Pennsylvania State Police v. Grove*, 119 A.3d 1102, 1105 (Pa. Cmwlth. 2015), *appeal granted*, 133 A.3d 292 (Pa. 2016). Where "the initial reviewing court must act as a fact-finder," such as when it conducts an *in camera* review of unredacted copies of the requested documents, "an agency must raise all its challenges before the close of evidence before the court." *Levy II*, 94 A.3d at 441.

Here, although the County did not initially deny the emails on criminal investigation grounds, the County was not precluded from raising the defense before the fact-finder. *See Levy I; Levy II*. The County raised the criminal

8

investigative exemption defense before the close of evidence before OOR. *See Levy II*, 94 A.3d at 442. More importantly, the agency raised the defense before the close of evidence before the trial court. In this matter, the trial court, not OOR was the fact-finder. *See* Section 1302 of the RTKL, 65 P.S. §67.1302; *Chambersburg*, 97 A.3d at 1288. Prior to the trial court hearing, Requester was well aware of the County's asserted criminal investigation defense. The trial court afforded both parties the opportunity to present oral and written arguments in support of their positions and to supplement the record. The trial court also conducted an in camera inspection of the emails. As the parties were given the full opportunity to assert their positions and present additional evidence in the trial court proceeding, any alleged procedural defects that occurred before OOR were cured.[10] Thus, we conclude the trial court did not err in considering the criminal investigation exemption.

Next, we turn to the merits of the claimed exemption. Requester argues the trial court erred by reversing OOR's final determination upon finding that the County proved the emails were not subject to disclosure because the documents are protected by the criminal investigation exemption under the RTKL and CHRIA.

"Unless otherwise provided by law, a public record . . . shall be accessible for inspection and duplication in accordance with this act." Section 701 of the RTKL, 65 P.S. §67.701. Section 102 of the RTKL, 67 P.S. §67.102, defines "public record" as a record that: "(1) is not exempt under section 708; (2) is not

---

[10] A *de novo* review entails full consideration of a case another time; the court is "substituted for . . . the prior decision maker, and redecide[s] the case." *Forest Area School District v. Shoup*, 621 A.2d 1121, 1125 (Pa. Cmwlth. 1993). Any procedural defects that take place before a *de novo* review are rendered irrelevant. *Id.*

9

exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or (3) is not protected by a privilege."

The agency receiving the RTKL request bears the burden of proving the record is exempt by a preponderance of the evidence. Section 708(a) of the RTKL, 65 P.S. §67.708(a). The preponderance of the evidence standard, which is "the lowest evidentiary standard, is tantamount to a more likely than not inquiry." *Delaware County v. Schaefer ex rel. Philadelphia Inquirer*, 45 A.3d 1149, 1156 (Pa. Cmwlth. 2012) (*en banc*).

Of relevance here, Section 708(b)(16) of the RTKL exempts from disclosure:

A record of an agency relating to or resulting in a criminal investigation, including:
(i) Complaints of potential criminal conduct other than a private criminal complaint.
(ii) *Investigative materials, notes, correspondence*, videos and reports.
(iii) A record that includes the identity of a confidential source or the identity of a suspect who has not been charged with an offense to whom confidentiality has been promised.
(iv) A record that includes information made confidential by law or court order.
(v) *Victim information, including any information that would jeopardize the safety of the victim*.
(vi) A record that, if disclosed, would do any of the following:
(A) Reveal the institution, progress or result of a criminal investigation, except the filing of criminal charges.
(B) Deprive a person of the right to a fair trial or an impartial adjudication.
(C) Impair the ability to locate a defendant or codefendant.
(D) Hinder an agency's ability to secure an arrest, prosecution or conviction.

10

> (E) Endanger the life or physical safety of an individual.

65 P.S. § 67.708(b)(16) (emphasis added).

Examples include incident reports and victims' names and addresses. *Pennsylvania State Police v. Office of Open Records*, 5 A.3d 473 (Pa. Cmwlth. 2010) (*en banc*), *appeal denied*, 76 A.3d 540 (Pa. 2013). If a record is exempt under Section 708(b), it is not a "public record" subject to disclosure under the RTKL. 65 P.S. §67.102; *Saunders v. Pennsylvania Department of Corrections*, 48 A.3d 540, 543 (Pa. Cmwlth. 2012).

In addition, the RTKL must be read in conjunction with other laws, including CHRIA. *Grove*, 119 A.3d at 1108. Section 9106(c)(4) of CHRIA provides:

> Investigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties, and the request is based upon a name, fingerprints, modus operandi, genetic typing, voice print or other identifying characteristic.

18 Pa. C.S. §9106(c)(4). CHRIA defines "[i]nvestigative information" as "[i]nformation assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing and may include modus operandi information." 18 Pa. C.S. §9102.

However,

> The mere fact that a record has some connection to a criminal proceeding does not automatically exempt it under Section 708(b)(16) of the RTKL or CHRIA. *Coley v. Philadelphia District Attorney's Office*, 77 A.3d 694, 697–98 (Pa. Cmwlth. 2013) (while witness statements were exempt as investigative under Section 708(b)(16)

11

and CHRIA, immunity agreement with witness was not exempt unless its contents were shown to be investigative information). The types of records that we have held protected from RTKL disclosure under Section 708(b)(16) and CHRIA as investigative are records created to report on a criminal investigation or *set forth or document evidence in a criminal investigation or steps carried out in a criminal investigation*.

*Grove*, 119 A.3d at 1108 (emphasis added).

Examples of investigative information include reports of death investigations, criminal complaint files, witness statements, incident reports. *Id.*; *see Hunsicker v. Pennsylvania State Police*, 93 A.3d 911, 912 (Pa. Cmwlth. 2014) (report of death investigation); *Barros v. Martin*, 92 A.3d 1243, 1245–46, 1249–50 (Pa. Cmwlth.), *appeal denied*, 97 A.3d 745 (Pa. 2014) (criminal complaint file, confession, polygraph test, forensic lab reports, internal police review documents and witness statements); *Coley*, 77 A.3d at 697 (witness statements); *Pennsylvania State Police*, 5 A.3d at 479 (police incident report setting forth notes of witness interviews and reporting whether investigative tasks had been carried out); *Mitchell v. Office of Open Records*, 997 A.2d 1262, 1266 (Pa. Cmwlth. 2010) (memorandum setting forth facts concerning execution of search warrant).

Here, the County asserted the emails identify the names of juvenile victims of sex crimes and other information related to criminal investigations. Acting as fact-finder, the trial court conducted an *in camera* review of the emails to determine if the documents were protected from disclosure. The trial court examined all responsive emails, those disclosed and those withheld, to determine if they were protected by exemption. The trial court identified some of the emails as containing "criminal investigative materials regarding *victim and witness information and information regarding the progress of a criminal matter*" and

12

determined their disclosure would constitute a violation of Section 708(b)(16) and CHRIA. Trial Court Opinion at 15 (emphasis added). As such information is exempt from disclosure, we discern no error.

As for Requester's allegations regarding obstruction of justice or *Brady* violations, such arguments are misplaced. In *Brady*, the United States Supreme Court held that the prosecution's suppression of evidence favorable to the defendant violates due process. 373 U.S. at 85, 86. However, that is not the legal question before us. The question is whether emails of ADA Ryland-Tanner related to criminal investigations are "public records" subject to disclosure under the RTKL. *See Coley*, 77 A.3d at 696 n.5. We conclude they are not.

Finally, as for Requester's claim that the County violated the trial court's order by resending certain emails, his argument is unavailing. The County previously provided Requester with responsive emails that qualify as public records. Following the trial court's order, the County again furnished Requester with these same emails simply to assure all emails ordered for release were provided to him. We are hard-pressed to see how repetition of emails violated the trial court's order or caused Requester any harm. Requester was not entitled to the emails that qualified for exemption as they do not constitute public records.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lebanon County | : | |
| | : | No. 597 C.D. 2016 |
| v. | : | Submitted: July 1, 2016 |
| | : | |
| Charles Hoyer, | : | |
| Appellant | : | |

O R D E R

AND NOW, this 7th day of December, 2016, the order of the Court of Common Pleas of Lebanon County, dated December 29, 2015, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge