Charles COLEY, Appellant

v.

**PHILADELPHIA DISTRICT ATTORNEY'S OFFICE.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 21, 2013.

Decided Oct. 7, 2013.

Charles Coley, pro se.

Jennifer Lin, Assistant District Attorney, Philadelphia, for appellee.

BEFORE: PELLEGRINI, President Judge, and LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge LEAVITT.[1]

Charles Coley appeals, *pro se,* an order of the Court of Common Pleas of Philadelphia County (trial court) that denied Coley's request for records under the Right–to–Know Law.[2] Coley sought access to rec-

---

1. This case was reassigned to the authoring judge on September 10, 2013.

2. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

ords compiled by the Philadelphia District Attorney's Office during a criminal investigation that resulted in Coley's arrest and conviction for murder. The trial court held that the requested records were exempt from disclosure under the Right–to–Know Law because, *inter alia*, the Criminal History Record Information Act prohibits their disclosure.[3] For the reasons that follow, we affirm in part and reverse in part, and remand the matter to the trial court for further proceedings.

Coley has been incarcerated at SCI–Graterford since 1974, when he was convicted of murder. On August 10, 2011, Coley submitted a written request to the District Attorney's Office for copies of documents it prepared for Coley's murder trial. Specifically, Coley requested access to the immunity petition of Andre R. Anderson and the witness statements of Aandra Wagner, Sandra Wagner, Darlene Dawes, Lorraine Johnson–Jackson and Sharon Green.

On August 16, 2011, the District Attorney's Office denied Coley's request for the stated reasons that the records were "criminal investigative records" and not public records. Coley appealed to the trial court. The trial court held that the records requested by Coley were exempt from disclosure under Section 708(b)(16) of the Right–to–Know Law, 65 P.S. § 67.708(b)(16). This appeal followed.

On appeal,[4] Coley argues that the trial court erred because the documents he requested are public records. Coley concedes that the records were not public records when they were created. However, Coley contends that once a record is used at trial, the record becomes "evidence," which is a public record.[5] The District Attorney's Office counters that there is no legal authority for Coley's argument that investigative records become public records after they are used at trial.

Section 102 of the Right–to–Know Law defines a "public record" as any record that is (1) not exempt under Section 708 of the Law; (2) not exempt under any other State or Federal law; or (3) is not protected by privilege. 65 P.S. § 67.102. Section 708, which contains numerous exemptions from the definition of "public record," states, in relevant part:

(a) Burden of proof.—

    (1) The burden of proving that a record of a Commonwealth agency or local agency is exempt from public

---

**3.** 18 Pa.C.S. §§ 9101–9183.

**4.** In cases, such as the instant one, where there is no factual dispute, our review is limited to determining whether the trial court abused its discretion, committed any error of law, or violated any constitutional rights. *SWB Yankees LLC v. Wintermantel*, 999 A.2d 672, 674 n. 2 (Pa.Cmwlth.2010), *affirmed*, 615 Pa. 640, 45 A.3d 1029 (2012). "The scope of review for a question under the [Right–to–Know Law] is plenary." *Id.* (quoting *Stein v. Plymouth Township*, 994 A.2d 1179, 1181 n. 4 (Pa.Cmwlth.2010)).

**5.** In support of Coley's position, he cites the First, Sixth, and Fourteenth Amendments to the U.S. Constitution and Article I, Sections 9 and 11 of the Pennsylvania Constitution. However, these provisions have no bearing or

relevance to whether the requested records are public records under the Right–to–Know Law.

As a matter of constitutional law, Coley may have had a right to review witness immunity agreements and witness statements in his criminal trial or post-conviction appeal. In *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the United States Supreme Court held that the prosecution's suppression of evidence favorable to the defendant violates due process. However, that is not the legal question before us. The only question is whether materials in an investigation file of the District Attorney are "public records" that must be disclosed under the Right–to–Know Law.

access shall be on the Commonwealth agency or local agency receiving a request by a preponderance of the evidence.

\* \* \*

(b) Exceptions.—Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:

(16) A record of an agency relating to or resulting in a criminal investigation, including:

\* \* \*

(ii) Investigative materials, notes, correspondence, videos and reports.

65 P.S. § 67.708(a)(1) and (b)(16).

This Court addressed the Right-to-Know Law's exemption for criminal investigative materials in *Mitchell v. Office of Open Records,* 997 A.2d 1262 (Pa.Cmwlth. 2010). At issue in *Mitchell* was whether a record detailing the execution of a search warrant was a public record or exempt criminal investigative material. We held that because the record, on its face, related to a criminal investigation, it was exempt under Section 708(b)(16)(ii) of the Right-to-Know Law. *See also Sullivan v. City of Pittsburgh, Department of Public Safety,* 127 Pa.Cmwlth. 339, 561 A.2d 863, 865 (1989) (explaining that criminal investigative records are still exempt from disclosure under the Right-to-Know Law after the investigation is completed).

Additionally, by definition a record is not a "public record" if it is "exempt under any other State or Federal Law." Section 102 of the Right-to-Know Law, 65 P.S. § 67.102. One such state law is the Criminal History Record Information Act, 18 Pa.C.S. §§ 9101–9183. Specifically, Section 9106(c)(4) of this Act states that "[i]nvestigative and treatment information shall not be disseminated to any department, agency or individual unless the depart-

ment, agency or individual requesting the information is a criminal justice agency." 18 Pa.C.S. § 9106(c)(4). "Investigative information" is defined by the Act as "[i]nformation assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing and may include modus operandi information." 18 Pa.C.S. § 9102.

Here, Coley requested witness statements compiled by the District Attorney's Office in the course of its criminal investigation. These statements are "investigative materials" exempt from disclosure under Section 708(b)(16)(ii) of the Right-to-Know Law. The witness statements also constitute "investigative information" which cannot be disseminated to a private individual and, therefore, are exempt from disclosure under Section 9106(c)(4) of the Criminal History Record Information Act.

The status of Andre Anderson's immunity agreement is less clear. Presumably this document memorializes a transaction between the District Attorney and Anderson by which Anderson was immunized from prosecution in exchange for his cooperation in the investigation of Coley for murder. The trial court summarily held that the immunity agreement was "facially exempt from disclosure under the [Right-to-Know Law]." Trial Court Opinion at 4. The trial court also held that because the immunity agreement was "assembled as a result of an investigation into a criminal incident," it constituted "investigative information" under Section 9102 of the Criminal History Record Information Act, 18 Pa.C.S. § 9102.

The trial court reached its conclusions without describing the contents of the Anderson agreement, which is not in the record. Thus, because we are not able

to determine whether the agreement contained investigative information, we must vacate that portion of the trial court's order holding that the agreement is exempt and remand for further proceedings and an explanation of the contents of the document. We decline to assume that immunity agreements are *per se* "investigative materials" or always contain "investigative information." [6]

Finally, Coley posits that the District Attorney's Office waived any exemptions under the Right–to–Know Law or Criminal History Record Information Act when it offered the requested documents as evidence at his trial. This argument is not persuasive. To begin, it is not clear that the documents requested by Coley were actually presented at his trial. The trial court acknowledged this problem, stating that

> Coley does not allege that the statements he requests were ever produced at his trial, only that the witnesses who had earlier made those statements offered testimony.

Trial Court Opinion at 4. Thus, even if we were to find that records of criminal investigations become "public records" within the meaning of the Right–to–Know Law once they are used at trial, Coley has not shown that the records he has requested would even fit within that exception. [7]

For the foregoing reasons, we affirm the trial court's denial of the disclosure of the witness statements of Aandra Wagner, Sandra Wagner, Darlene Dawes, Lorraine Johnson–Jackson and Sharon Green. We reverse the trial court's denial of the disclosure of the immunity petition of Andre R. Anderson and remand for the trial court to determine whether the document is exempt under Section 708(b) of the Right–to–Know Law, 65 P.S. § 67.708(b), and, if so, to explain its rationale.

### ORDER

AND NOW, this 7th day of October, 2013, the order of the Court of Common Pleas of Philadelphia County, dated September 10, 2012, in the above-captioned matter is AFFIRMED insofar as it denied Appellant's request under the Right–to–

---

**6.** We note that an immunity agreement may be exempt under a different provision of the Right–to–Know Law, such as Section 708(b)(16)(iii), which exempts "[a] record that includes the identity of a confidential source or the identity of a suspect who has not been charged with an offense to whom confidentiality has been promised." 65 P.S. § 67.708(b)(16)(iii). The reasons for exempting an immunity agreement that reveals the identity of a confidential informant are self-evident, and this exemption takes on greater significance when one considers that the Right–to–Know Law permits any member of the public to access a public record, not just the defendant in a criminal proceeding.

**7.** We note that this Court recently filed an unpublished memorandum decision rejecting an argument similar to Coley's. In *Arroyo v. District Attorney of Lancaster*, 2011 WL 10845854 (Pa.Cmwlth., No. 1624 C.D.2010, filed June 29, 2011), the requester sought the

release of forensic slides and hair samples that were used by the district attorney as evidence in his criminal trial. The district attorney's office denied the request because the records sought were investigative materials. The trial court affirmed and, in doing so, rejected the requester's argument that "because the Commonwealth introduced the slides and hair samples into evidence in the trial against him, it waives any claim that the materials are exempt from the [Right–to–Know Law]." *Id.*, slip op. at 5.

This Court affirmed, holding that the requested records were exempt under Section 708(b)(16)(ii) of the Right–to–Know Law, 65 P.S. § 67.708(b)(16)(ii), and Section 9106(c)(4) of the Criminal History Records Information Act, 18 Pa.C.S. § 9106(c)(4), because they were "assembled as a result of the performance of an inquiry ... into a criminal incident." *Arroyo*, slip op. at 9.

 

Know Law for access to the witness statements of Aandra Wagner, Sandra Wagner, Darlene Dawes, Lorraine Johnson–Jackson and Sharon Green. The trial court's order is REVERSED insofar as it denied Appellant's request for access to the immunity petition of Andre R. Anderson and this matter is REMANDED to the trial court to determine whether the document is exempt under Section 708(b) of the Right–to–Know Law, 65 P.S. § 67.708(b), and, if so, to explain its reasoning.

## CONCURRING OPINION BY
President Judge PELLEGRINI.

I concur in the result reached by the majority. While an immunity agreement may contain material that should not be disclosed, nonetheless, an immunity agreement, at its core, is a deal, a transaction between the district attorney and police that immunizes an individual from prosecution. Those transactions should be subject to public scrutiny just like other government agreements to make sure that value was received and to judge the performance of public officials. In the case of immunity agreements, the "public" needs to know what value was received, e.g., did public officials agree to drop drug charges to convict a murderer, which would presumptively be a good deal, as opposed to murder charges being dropped to secure a drug conviction, which presumptively would be a bad deal.

Consequently, if an immunity agreement contains information that should not be disclosed, the immunity agreement itself is subject to disclosure but with the information that should not be disclosed redacted. Section 706 of the Right–to–Know Law.[1] Moreover, once an immunity agreement has been disclosed to the defendant, pursuant to 573(B) of the Pennsylvania Rules of Criminal Procedure, there is no need to redact any information, unless that information was subject to a protection order envisioned by that Rule.

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.706, which provides:
   If an agency determines that a public record, legislative record or financial record contains information which is subject to access as well as information which is not subject to access, the agency's response shall grant access to the information which is subject to access and deny access to the information which is not subject to access. If the information which is not subject to access is an integral part of the public record, legislative record or financial record and cannot be separated, the agency shall redact from the record the information which is not subject to access, and the response shall grant access to the information which is subject to access. The agency may not deny access to the record if the information which is not subject to access is able to be redacted. Information which an agency redacts in accordance with this subsection shall be deemed a denial under Chapter 9.