IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jared Moore,                  :
          Appellant         :
                        :  No.  447 C.D. 2018
          v.             :
                        :  Submitted:  October 5, 2018
Allegheny County District Attorney's  :
Office                      :

*OPINION NOT REPORTED*

MEMORANDUM OPINION
PER CURIAM                                FILED:  December 3, 2018

Jared Moore (Requester) appeals, *pro se*, from the December 5, 2017 order of the Court of Common Pleas of Allegheny County (trial court), which dismissed his statutory appeal from the decision of the Open Records Appeal Officer of the Allegheny County District Attorney's Office (DA) that denied his request for records under the Right-to-Know Law (RTKL).[1]  For the reasons that follow, we affirm.

## Background

On May 15, 2017, Requester made a written RTKL request for records to the DA seeking nine categories of documents.  (Supplemental Reproduced Record

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

(Suppl. R.R.) at 18a-20a.)[2] The documents sought in the request relate to a particular witness (Witness) who testified in Requester's criminal trial for homicide. (Suppl. R.R. at 18a-20a, 25a-26a.) Specifically, Requester requested, *inter alia*, any and all agreements, promises, offers, inducement or other things of value provided to Witness in connection with his testimony; any statements Witness made that were inconsistent with his testimony at trial or police interviews; any plea bargains, immunity agreements, petitions, orders, or representations, whether written or oral, from the DA regarding Witness; any correspondence between the DA and Witness and/or his public defender; disclosure of how long and how often Witness was interviewed in connection with the homicide case by prosecutors or the police; and any postponements of sentencing or delay of prosecution for Witness. (Suppl. R.R. at 18a-20a.)

Thereafter, by letter dated June 13, 2017, the DA Open Records Officer (Open Records Officer) denied Requester's RTKL request because the Open Records Officer determined, after a review of the relevant files, that there were no documents responsive to the request. (Suppl. R.R. at 5a-7a.) Additionally, regarding Requester's request for disclosure of how often and how long Witness was interviewed by prosecutors and/or police, the Open Records Officer noted that, even if such records hypothetically existed, they would be exempt from disclosure pursuant to the criminal investigation exemption to the RTKL, 65 P.S. §67.708(b)(16).[3] (Suppl. R.R. at 6a.) By letter dated September 7, 2017, the Open Records Officer supplemented and amended the June 13, 2017 RTKL response by

---

[2] While Pa.R.A.P. 2173 directs that the page numbers in the supplemental reproduced record be followed by the letter "b," here, the page numbers in the supplemental record are followed by the letter "a."

[3] Pursuant to section 708(b)(16) of the RTKL, 65 P.S. §67.708(b)(16), certain agency records "relating to or resulting in a criminal investigation are exempt from disclosure." *Id.*

mailing to Requester subsequently-discovered responsive records after discovering said records had been misfiled and were not in their assigned storage box. (Suppl. R.R. at 8a-9a.) The Open Records Officer stated that these supplemental records were the only records responsive to the RTKL requests. (Suppl. R.R. at 9a.)

Requester appealed the Open Records Officer's June 13, 2017 decision to the DA Open Records Appeal Officer (Open Records Appeal Officer). (Suppl. R.R. at 24a-30a.) On July 10, 2017, the Open Records Appeal Officer denied Requester's appeal because he determined the DA did not possess the requested documents. (Suppl. R.R. at 31a-32a.) Thereafter, Requester appealed the Open Records Appeal Officer's decision to the trial court. (Suppl. R.R. at 43a.)

On November 14, 2017, the trial court ordered the Open Records Officer to file "an affidavit or verification attesting to the accuracy of his June 13, 2017 letter" to Requester. (Trial court order, November 14, 2017.) The Open Records Officer subsequently filed with the trial court a signed verification pursuant to 18 Pa.C.S. §4904.[4] (Suppl. R.R. at 4a.) In the verification, the Open Records Officer

---

[4] This statute provides as follows:

> **(a) In general.**--A person commits a misdemeanor of the second degree if, with intent to mislead a public servant in performing his official function, he:
>
> > (1) makes any written false statement which he does not believe to be true;
> >
> > (2) submits or invites reliance on any writing which he knows to be forged, altered or otherwise lacking in authenticity; or
> >
> > (3) submits or invites reliance on any sample, specimen, map, boundary mark, or other object which he knows to be false.
>
> **(b) Statements "under penalty".**--A person commits a misdemeanor of the third degree if he makes a written false statement which he does not believe to be true, on or pursuant to a form bearing notice,

**(Footnote continued on next page…)**

verified that the facts contained in both the June 13, 2017 and September 7, 2017 response letters to Requester's RTKL requests were "true and correct to the best of [his] knowledge, information and belief." (Suppl. R.R. at 4a.) The Open Records Officer stated he understood that any "false statements herein [were] made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities." (Suppl. R.R. at 4a.)

On December 5, 2017, the trial court dismissed Requester's appeal from the decision of the Open Records Appeal Officer. (Trial court order, December 5, 2017.) The trial court stated that the appeal was "dismissed because (1) the record supports [the DA]'s position that it does not possess the records requested[;] and (2) the Right-to-Know[]Law does not require [the DA] to create a record." (Trial court order, December 5, 2017.)

## Discussion

On appeal,[5] Requester raises two issues. Requester argues that the trial court erred as a matter of law when it determined that the record supported the DA's

---

**(continued…)**

> authorized by law, to the effect that false statements made therein are punishable.
>
> **(c) Perjury provisions applicable.**--Section 4902(c) through (f) of this title (relating to perjury) applies to this section.
>
> **(d) Penalty.**--In addition to any other penalty that may be imposed, a person convicted under this section shall be sentenced to pay a fine of at least $1,000.

18 Pa.C.S. § 4904

[5] This Court's review in a statutory appeal, such as this one, is limited to determining whether the trial court's findings of fact are supported by competent evidence or whether the trial **(Footnote continued on next page…)**

4

position that it does not possess the requested records. Requester also argues that the trial court abused its discretion when it dismissed his RTKL appeal relative to his sixth RTKL request, in light of the Superior Court's holding in *Commonwealth v. Redmond*, 577 A.2d 547, 558 (Pa. Super. 1990). In the sixth RTKL request he requested "disclosure of how often, and for how long on each occasion has [Witness] been interviewed in connection with [the criminal homicide] case by prosecutors and the Allegheny County Police Department." (Suppl. R.R. at 6a.)

We first address Requester's argument that the trial court erred when it determined the DA did not possess the requested records. Requester argues that the DA acted in bad faith and fraudulently concealed and misrepresented evidence during pre-trial discovery, trial, sentencing, appeal, and post-conviction proceedings for Requester's homicide case. According to Requester, the DA's bad faith conduct throughout the homicide trial impeaches the veracity of its affidavit regarding the non-disclosure of the requested records. In particular, Requester contends that the DA acted in bad faith because it withheld evidence of and misrepresented Witness' criminal background during the homicide trial, and that Witness was promised immunity and/or received a sentence reduction because he testified against Requester. Further, Requester maintains that the criminal trial record belies the DA's assertion that the requested records do not exist.

Under the RTKL, a record is defined as follows:

---

**(continued…)**

court committed an error of law or an abuse of discretion in reaching its decision. *Allegheny County Department of Administrative Services v. A Second Chance, Inc.*, 13 A.3d 1025, 1029 n.3 (Pa. Cmwlth. 2011). The scope of review for a question under the RTKL is plenary. *Stein v. Plymouth Township*, 994 A.2d 1179, 1181 n.4 (Pa. Cmwlth. 2010).

5

> Information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document.

Section 102 of the RTKL, 65 P.S. §67.102. However, section 705 of the RTKL provides that, "when responding to a request for access, **an agency shall not be required to create a record** which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record." 65 P.S. §67.705 (emphasis added). Thus, an "agency is not required to create a record if the requested record does not exist[,] [n]or is it required to compile the record in a new or novel format." *Hodges v. Department of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011).

The agency responding to the RTKL request has "[t]he burden of proving a record does not exist, or is exempt from disclosure." *Id.* (citing section 708 of the RTKL, 65 P.S. §67.708). However, "an agency may satisfy its burden of proof that it does not possess a requested record with either an unsworn attestation by the person who searched for the record or a sworn affidavit of nonexistence of the record." *Id.* Thus, "[a]n affidavit may serve as sufficient evidence of the non-existence of requested records." *Department of Labor and Industry v. Earley*, 126 A.3d 355, 357 (Pa. Cmwlth. 2015); *see also Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010) (holding that an agency's submission of both sworn and unsworn affidavits that it was not in possession of requested documents was sufficient to satisfy its burden of demonstrating the nonexistence of the records). In the absence of any evidence of bad faith or that the records do, in fact, exist, the averments in the affidavit should be accepted as true. *See McGowan v. Department*

6

*of Environmental Protection*, 103 A.3d 374, 381-83 (Pa. Cmwlth. 2014) (internal quotation marks omitted).

Here, the Open Records Officer submitted a signed verification, under penalty of perjury, stating that the June 13, 2017 and September 7, 2017 RTKL response letters, in which he asserted the nonexistence of the requested records, were true and correct to the best of his knowledge, information, and belief. (Suppl. R.R. at 4a.) We conclude that by submitting a signed verification, the DA met its burden of proving that the requested records do not exist in its possession.

Requester relies on *Office of the Governor v. Scolforo*, 65 A.3d 1095 (Pa. Cmwlth. 2013), to argue that despite the Open Records Officer's verification that the requested records are not in his possession, because the DA allegedly acted in bad faith during his homicide trial, the veracity of the verification should be questioned. Requester contends that the DA acted in bad faith by misrepresenting and withholding evidence of Witness' criminal background during the homicide trial and that Witness was provided immunity and/or received sentence reductions for several prior criminal charges, in exchange for testifying against Requester. Requester also maintains that the record does not support the DA's position that the requested records do not exist. Specifically, Requester references a portion of the trial transcript, in which Witness referenced a written statement, to evidence the DA's supposed fraudulent concealment and misrepresentation regarding the requested documents. Requester also argues that the DA is fraudulently concealing records responsive to the sixth RTKL request.

Unlike here, *Scolforo* did not involve the nonexistence of records. Rather, in that case, the Office of Open Records denied the requested records because they supposedly reflected pre-decisional deliberations that were exempt from disclosure under the RTKL. *Scolforo*, 65 A.3d at 1099. We determined, that because the affidavit submitted by the Office of Open Records was conclusory and contained

7

no specific details, it was insufficient to prove the records were exempt. *Id.* at 1104. Since *Scolforo* did not involve the nonexistence of records, we conclude it is inapposite to the instant case.

Moreover, any supposed bad faith conduct by prosecutors during Requester's homicide trial does not demonstrate that the DA acted in bad faith when responding to Requester's RTKL requests and is irrelevant to our review under the RTKL. Requester has also not provided any support for his argument that the trial record proves the existence of the requested records. Requester argues that a reference to Witness' written statement within the trial transcript demonstrates that the DA possesses said statement. However, because Requester attached said written statement to his brief it appears that he already has obtained a copy of this statement. *See* Appellant's Brief, Appendix F. Additionally, Requester's RTKL request only sought the disclosure of any statements that were inconsistent with Witness' trial testimony, police interviews, reports, or interviews. (Suppl. R.R. at 5a.) Requester has failed to demonstrate a reasonable likelihood that any such inconsistent statements records exist or that the DA withheld any records.

The Open Records Officer submitted a letter and signed verification asserting the nonexistence of the requested records, and Requester has failed to provide any evidence that tends to suggest otherwise. Since the DA demonstrated that no responsive documents exist, it was not "required to create a record" responsive to such request. 65 P.S. §67.705.

Next, we address Requester's argument that the trial court abused its discretion when it dismissed his RTKL appeal relative to his sixth RTKL request in light of the Superior Court's holding in *Redmond*. The sixth RTKL request asks for disclosure of how often and for how long Witness was interviewed in connection with the homicide case by prosecutors and the police. (Suppl. R.R. at 9a.) From what we can discern, Requester argues that the information sought in his sixth RTKL

8

request is in the control of the DA. Requester asserts that Witness was the prosecution's chief witness in the criminal homicide case and that the information obtained from Witness' interviews supported the prosecution's theory that Requester committed a premeditated and planned act of first-degree murder. Pursuant to *Redmond*, Requester contends he is entitled to the information in the sixth RTKL request because it is exculpatory and/or impeaching. He also contends that the DA failed to disclose and fraudulently concealed this exculpatory information during pretrial discovery relating to Witness.

In *Redmond*, a criminal homicide case, the Commonwealth appealed a court of common pleas decision precluding the testimony of a state trooper where the state trooper refused to identify an informant who had provided information regarding a potential alternate murder suspect. *Redmond*, 577 A.2d at 549. The Superior Court upheld the trial court's decision to sanction the Commonwealth by precluding the state trooper's testimony because the Pennsylvania Rules of Criminal Procedure and U.S. Constitution require the Commonwealth to disclose "any evidence that is favorable to the accused and which is material to either guilt or to punishment." *Id.* (citing Pa.R.Crim.P. 305(B)(1); *Brady v. Maryland*, 373 U.S. 83 (1963)). The Superior Court explained that "[w]hen the reliability of a given witness may be determinative of guilt or innocence," evidence affecting credibility of the witness is exculpatory and, therefore, **must be disclosed** by the Commonwealth. *Id.* at 552-53.

*Redmond*, however, did not involve a RTKL-related question. Thus, it has no relevance to the instant case. The RTKL, rather, only concerns the disclosure of public records in accordance with its provisions. 65 P.S. §67.102. The RKTL is a statute "designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials

9

accountable for their actions." *Bowling v. Office of Open Records*, 990 A.2d 813, 824 (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453 (Pa. 2013).

However, the RTKL "is not a vehicle through which an individual can collaterally attack the legality of his criminal confinement." *Foster v. Department of Corrections*, 159 A.3d 1020, 1022 (Pa. Cmwlth. 2017) (internal quotation marks omitted). The RTKL also "does not contain any provisions or procedures providing an individual with a right or avenue to declare his underlying judgment of sentence a legal nullity." *Id.*; *see also Morrison v. Department of Corrections*, 162 A.3d 613, 616 (Pa. Cmwlth. 2017) (holding that an appeal from an order denying "a request for access to a public record is not the proper forum to challenge the constitutionality of [] continued incarceration"); *Coley v. Philadelphia District Attorney's Office*, 77 A.3d 694, 696 n.5 (Pa. Cmwlth. 2013) (holding that constitutional provisions have no bearing or relevance to whether requested records are public records under the RTKL and that the only question in a RTKL appeal is whether the requested records are public records that must be disclosed pursuant to the RTKL); *Moore*, 992 A.2d at 910 (holding that an appeal from an order denying a "request for access to a public record is not the proper forum to challenge the constitutionality of [] continued incarceration"). In fact, our Supreme Court has held that the Post-Conviction Relief Act[6] is the exclusive state law remedy for persons challenging allegedly illegal convictions. *Commonwealth v. Hall*, 771 A.2d 1232, 1234 (Pa. 2001).

Although Requester relies on *Redmond* as a means for gaining access to allegedly exculpatory evidence related to his criminal homicide trial, an appeal from an order denying Requester's request for access to a public record pursuant to the RTKL is not the proper forum to gain such relief. *See Coley*, 77 A.3d at 696 n.5; *Moore*, 992 A.2d at 910. Thus, regardless of whether there is any merit to

---

[6] 42 Pa.C.S. §§9541-9546.

10

Requester's argument that he is entitled to such evidence, such claims are not within the purview of the RTKL and we are unable to consider them in Requester's appeal. As discussed in the preceding section, the DA met its burden of proving under the RTKL that it does not possess the requested records, and that is the only question properly before this Court.

## Conclusion

Because the DA established the nonexistence of the requested records, we affirm the order of the trial court dismissing Requester's appeal from the decision of the Open Records Appeal Officer.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jared Moore,                                    :
              Appellant           :
                             :   No.  447 C.D. 2018
            v.                           :
                             :
Allegheny County District Attorney's  :
Office                                          :

## *PER CURIAM*

## *ORDER*

AND NOW, this 3rd day of December, 2018, the order of the Court of Common Pleas of Allegheny County, dated December 5, 2017, is hereby affirmed.