IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Willie E. Polite,                               :
                        Appellant             :
                                                :   No.  548 C.D. 2019
            v.                                   :
                                                :   Submitted:  August 16, 2019
Philadelphia District Attorney's       :
Office                                           :


*OPINION NOT REPORTED*

MEMORANDUM OPINION
PER CURIAM                                          FILED:  September 23, 2019


In this Right-to-Know Law (RTKL)[1] case, Willie E. Polite (Requester) appeals *pro se* from the November 28, 2018 order of the Court of Common Pleas of Philadelphia County (trial court), which affirmed the decision of the Appeals Officer of the Philadelphia District Attorney's Office (Appeals Officer) denying his request for documents from the Philadelphia District Attorney's Office (District Attorney) that were associated with the criminal investigation that the police conducted in connection with what eventually resulted in Requester's prosecution and conviction for first-degree murder in 1992 and imposition of a sentence of life imprisonment without the possibility of parole.  *See generally Commonwealth v. Polite* (Pa. Super., No. 1657 EDA 2016, filed April 18, 2017) (unreported) (recounting the facts and

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

procedural history of Requester's criminal case, docketed at CP-51-CR-0832881-1991).[2]

On May 18, 2017, Requester submitted a request to the District Attorney, which stated as follows:

> [Requester,] Case No[.] CP-51-CR-0832881-1991, is requesting any and all evidence collected from [the deceased victim], including reports of toxicologist done by the City of Philadelphia Office of the Medical Examiner[,] Department of Health, fingernail samples, anal swabbing, [and] oral swabbing, that was compared to the oral swabbing, blood, and hair samples taken and tested from [Requester], while in police custody, [and] the vaginal swabbing includ[ing] the results. These reports will demonstrate that the DNA testing of evidence will produce

---

[2] Requester is presently incarcerated at the State Correctional Institution at Smithfield. On January 11, 2019, Requester filed a notice of appeal from the trial court's November 28, 2018 final order disposing of his appeal under the RTKL in the Superior Court, which subsequently transferred the appeal to this Court. Although Requester's notice of appeal was technically filed beyond the 30-day period for filing an appeal, *see, e.g.,* Pa.R.A.P. 903(a); *Koken v. Colonial Assurance Company*, 885 A.2d 1078, 1101 (Pa. Cmwlth. 2005), under the prisoner mailbox rule, a prisoner's *pro se* filing is deemed to have been filed at the time it is given to prison officials or put in the prison mailbox. *Kittrell v. Watson*, 88 A.3d 1091, 1096-97 (Pa. Cmwlth. 2014).

Here, on his notice of appeal and accompanying "affidavit of certificate of service," Requester stated that the notice of appeal was "served" on December 16, 2018. Consequently, assuming some delay occurred during the intervening holidays with respect to the mail, whether it be within the prison system or postal delivery in general, it is factually plausible that Requester delivered the notice of appeal to prison officials or placed it in the prison mailbox on or shortly after this date and, therefore, filed a timely notice of appeal. Under Pennsylvania law, when there are factual disputes regarding the timeliness of the *pro se* filing, this Court may remand for an evidentiary hearing. *See Commonwealth v. Jones*, 700 A.2d 423, 426 n.3 (Pa. 1997). However, the District Attorney has not challenged the timeliness of the appeal. In these circumstances, we may assume that the appeal was filed timely and will proceed to address the appeal on the merits. *See Commonwealth v. Cooper*, 710 A.2d 76, 79 (Pa. Super. 1998) ("Where . . . the opposing party does not challenge the timeliness of the appeal and the prisoner's assertion of timeliness is plausible, we may find the appeal timely without remand.").

. . . results [that] will establish [Requester's] actual innocence of the offense charges.

(Brief for Requester at App. B.)

On May 18, 2017, the District Attorney issued a final response denying the request based on exemptions to disclosure in the RTKL. Requester then appealed to the Appeals Officer, who denied the appeal on July 18, 2017. The Appeals Officer concluded that the requested documents were facially exempt under section 708(b)(16) of the RTKL, 65 P.S. §67.708(b)(16), and the Criminal History Record Information Act (CHRIA), 18 Pa.C.S. §§9101-9183, because they related to a criminal investigation.

Thereafter, Requester filed an appeal to this Court, which, in turn, entered a *per curiam* order transferring the matter to the trial court on August 25, 2017. *See Polite v. Douglas Weck Esquire* (Pa. Cmwlth., No. 1158 C.D. 2017, filed August 25, 2017) (*per curiam* order). On November 28, 2018, the trial court denied Requester's appeal for substantially the same reasons as the Appeals Officer.

Before this Court,[3] Requester contends that, as a matter of constitutional law, he is entitled to the requested information because it will provide him with exculpatory evidence and establish that the District Attorney violated *Brady v. Maryland*, 373 U.S. 83 (1963) (holding that the prosecution violates due process when it fails to disclose evidence favorable to the defendant).

If a request for records, on its face, seeks documents relating to a "criminal investigation" or "investigative information," those documents are exempt under the RTKL pursuant to section 708(b)(16) or the CHRIA. *See Barros v. Martin*,

---

[3] "Our standard of review is whether an error of law was committed, constitutional rights were violated, or necessary findings of fact are supported by substantial evidence. Our scope of review is plenary." *Philadelphia District Attorney's Office v. Stover*, 176 A.3d 1024, 1026 n.3 (Pa. Cmwlth. 2017).

3

92 A.3d 1243, 1250 (Pa. Cmwlth. 2014); *Coulter v. Department of Public Welfare*, 65 A.3d 1085, 1090 (Pa. Cmwlth. 2013).

Section 708(b)(16) exempts from access "[a] record of an agency relating to or resulting in a criminal investigation," including, but not limited to, "[i]nvestigative materials, notes, correspondence, videos and reports." 65 P.S. §67.708(b)(16)(ii). Moreover, a record is not considered a public record under the RTKL, and cannot be disclosed, if it is protected under some other state law, including the CHRIA. *Barros*, 92 A.3d at 1250; *see* section 102 of the RTKL, 65 P.S. §67.102. Section 9106(c)(4) of the CHRIA provides that "[i]nvestigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency." 18 Pa.C.S. §9106(c)(4). The CHRIA defines "investigative information" as "[i]nformation assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing and may include modus operandi information." Section 9102 of the CHRIA, 18 Pa.C.S. §9102.

Significantly, Requester does not make any argument that the requested documents are not exempt from disclosure under section 708(b)(16) the RTKL or the pertinent provisions of the CHRIA. We nevertheless note, though, with a strong degree of certainty, that such an assertion would lack merit according to our precedent. For example, in *Barros*, this Court concluded that documents requested by a prisoner from a county district attorney relating to his homicide investigation are exempt from disclosure, and we specifically determined that the RTKL and the CHRIA prohibited the release of forensic laboratory reports. Likewise, in *Hunsicker v. Pennsylvania State Police*, 93 A.3d 911 (Pa. Cmwlth. 2014), we concluded that a

4

request to the Pennsylvania State Police for "Any/All available reports regarding" its criminal investigation into the death of an individual was exempt under section 708(b)(16) of the RTKL. 93 A.3d at 912-13. Finally, in *Arroyo v. District Attorney of Lancaster* (Pa. Cmwlth., No. 1624 C.D. 2010, filed June 29, 2011) (unreported), this Court concluded that the criminal investigation provisions of the RTKL and the CHRIA protected from disclosure a request for "forensic slides" and "hair samples." Slip op. at 9-10.[4] Regardless, we cannot reverse an order below based upon an argument that was not raised by an appellant. *See Kohl v. New Sewickley Township Zoning Hearing Board*, 108 A.3d 961, 963 n.3 (Pa. Cmwlth. 2015).

Addressing Requester's argument that has been presented to this Court, we conclude that it fails to establish that the requested documents must be disclosed pursuant to the RTKL. In *Coley v. Philadelphia District Attorney's Office*, 77 A.3d 694 (Pa. Cmwlth. 2013), a requester asserted that he was entitled to witness statements that were compiled by the District Attorney during a criminal investigation that resulted in his arrest and conviction for murder. For support, the requester cited various constitutional provisions and *Brady*. This Court rejected the requester's reliance on this legal authority because it had "no bearing or relevance to whether the requested records are public records under the [RTKL]." *Coley*, 77 A.3d at 696 n.5. We further explained that the requester's alleged *Brady* violation was "not the legal question before us" and confirmed that, in a RTKL case, "the only question is whether materials in an investigation file of the District Attorney are 'public records' that must be disclosed under the [RTKL]." *Coley*, 77 A.3d at 696

---

[4] The Court cites *Arroyo*, an unreported panel decision, for its persuasive value in accordance with section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a). We do the same for the other unreported panel decisions that are cited within this opinion.

5

n.5; *accord, e.g., Lebanon County v. Hoyer* (Pa. Cmwlth., No. 597 C.D. 2016, filed December 7, 2016) (unreported), slip op. at 13.  Simply put, while Requester relies on principles of constitutional law and *Brady*

> as a means for gaining access to allegedly exculpatory evidence related to his criminal homicide trial, an appeal from an order denying Requester's request for access to a public record pursuant to the RTKL is not the proper forum to gain such relief.  Thus, regardless of whether there is any merit to Requester's argument that he is entitled to such evidence, such claims are not within the purview of the RTKL and we are unable to consider them in Requester's appeal.

*Moore v. Allegheny County District Attorney's Office* (Pa. Cmwlth., No. 447 C.D. 2018, filed December 3, 2018) (unreported), slip op. at 9-10.

Pursuant to our decisions in *Coley* and *Moore*, Requester has not provided this Court with a legal basis upon which to disturb the decision below.  We therefore affirm trial court's order upholding the denial of his request under the RTKL.

As a final housekeeping matter, we summarily address Requester's Motion to Strike District Attorney Brief (Motion).  In the Motion, Requester claims that the District Attorney "violated [his] rights as *pro se* counsel," Motion, 6/25/2019, at 1, in failing to file its appellate brief when it was due on June 13, 2019, as directed in our *per curiam* order dated May 15, 2019.  However, the record reflects that on June 13, 2019, the District Attorney filed a Petition for an Extension of Time in Which to File its Brief.  On June 18, 2019, this Court entered a *per curiam* order granting the District Attorney's petition and ordering the District Attorney to file its

6

brief on or before June 24, 2019.  The District Attorney filed its brief on June 20, 2019.  Accordingly, we deny Requester's Motion.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Willie E. Polite,  
          Appellant

         v.

Philadelphia District Attorney's Office

:  
:  
:   No.  548 C.D. 2019  
:  
:  
:  
:  
:  

## *PER CURIAM*

## *ORDER*

AND NOW, this 23rd day of September, 2019, the November 28, 2018 order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED. The Motion to Strike District Attorney Brief, filed by Willie E. Polite on June 25, 2019, is hereby DENIED.