IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of Bochetto & Lentz : 
                                     : 
From the Decision of the Appeals :    No. 1445 C.D. 2022
Officer Philadelphia District :    Submitted: April 9, 2024
Attorney's Office : 
                                       : 
Appeal of: Philadelphia District : 
Attorney's Office : 


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                    FILED: May 8, 2024


        The Philadelphia District Attorney's Office (DAO) appeals from the order of the Court of Common Pleas of Philadelphia County (trial court), entered December 7, 2022, granting the statutory appeal of Bochetto & Lentz (Requester), reversing the order of the DAO Appeals Officer (Appeals Officer) and ordering the production of certain requested records pursuant to the Right-to-Know Law (RTKL).[1]  After careful review, we vacate and remand for the trial court to issue a decision that contains findings of fact, conclusions of law, and an articulated and reasoned basis for its disposition.

## I. BACKGROUND

        On December 9, 2020, Requester submitted a request to the DAO under the RTKL, seeking a full copy of the DAO's trial file related to *Commonwealth of*

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

*Pennsylvania v. Dontia Patterson*.[2]  *See* Final Determination of RTKL Appeal, 6/30/21, at 1-2 (Final Determination).  The request sought "all intra-office emails regarding any stage of the above-captioned case including emails with third parties," as well as "any and all memorand[a], notes, emails, facsimiles, or facsimile confirmations" related to this case and, specifically, containing any of the following terms: McCaffery, [Assistant District Attorney (ADA)] McCaffery, Beth McCaffery, and ADA Beth McCaffery.  *See id.*  The request also sought all files related to the appeal filed in that case.  *See id.*

On January 14, 2021, the DAO issued a final response, denying the request pursuant to the RTKL's criminal investigative records exemption[3] and the Criminal History Record Information Act (CHRIA).[4]  *See* Final Determination at 2.

Requester appealed to the Appeals Officer, who denied the appeal.  *See id.*  The Appeals Officer determined that (1) the request sought records exempt under Section 708(b)(16) of the RTKL, 65 P.S. § 67.708(b)(16), and under CHRIA; and (2) the Appeals Officer is not authorized to order disclosure of criminal investigative records that are confidential by law.  *See id.* at 3-6.

Requester appealed to the trial court, which heard argument on the appeal on March 24, 2022, June 15, 2022, and August 22, 2022.  Additionally, the trial court conducted a review of the requested documents *in camera*.

On December 7, 2022, without issuing findings of fact and conclusions of law, the trial court entered an order granting Requester's appeal and ordering

---

[2] This case was docketed at CP-51-CR-0012287-2007.

[3] *See* Section 708(b)(16) of the RTKL, 65 P.S. § 67.708(b)(16).

[4] 18 Pa.C.S. §§ 9101 - 9183.  CHRIA, generally, concerns collection, maintenance, dissemination, disclosure, and receipt of criminal history records.  *See generally id.*  CHRIA and the criminal investigation exemption in the RTKL are often asserted together.  *See, e.g.*, *Pa. State Police v. Grove*, 161 A.3d 877 (Pa. 2017); *Coley v. Phila. Dist. Att'y's Off.*, 77 A.3d 694 (Pa. Cmwlth. 2013).

production of the requested documents.  *See* Trial Ct. Order, 12/7/22.  The order further stated that the DAO's arguments lacked factual and legal merit, and that "all arguments that had been tendered on behalf of [Requester] are fully incorporated as supporting reasons for the entry of the instant Order with reservation of supplementation."  *See id.*

The DAO timely appealed to this Court and filed a court-ordered statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).  The trial court responded with an opinion suggesting that this Court dismiss the appeal on procedural grounds.  *See generally* Trial Ct. Op., 7/17/23.

## II. ISSUES

On appeal, the DAO raises several issues for our review.  First, the DAO asserts that the trial court erred in holding that the requested records are not exempt under Section 708(b)(16) of the RTKL, 65 P.S. § 67.708(b)(16).  *See* DAO's Br. at 4.  Second, the DAO contends that the trial court erred by failing to address the Appeals Officer's determination that CHRIA provides a stand-alone basis for non-disclosure.  *See id.*  Third, the DAO asserts that the trial court erred in disregarding the DAO's individualized privilege/exemption determinations.  *See id.*  According to the DAO, it demonstrated that some of the requested records are subject to work-product, deliberative process, and attorney-client privileges, and that others are judicial records.  *See id.*  Fourth, the DAO asserts that the trial court erred in ordering the DAO to produce non-responsive records and supplement its production with records obtained from third parties.  *See id*.  Finally, the DAO asserts that dismissal of its appeal was not warranted, where it had complied with the applicable rules of procedure regarding transcription, and this Court possesses all hearing transcripts.  *See id.*

3

## III. DISCUSSION[5]

Under the RTKL, information is subject to disclosure if it is a "public record." Section 301(a) of the RTKL, 65 P.S. § 67.301(a). Pursuant to Section 305, records in the possession of a local agency shall be presumed public unless (1) exempt from disclosure under Section 708 of the RTKL; (2) protected by a privilege; or (3) exempt under any other federal or state law, regulation or judicial order. *See* Sections 305 and 708 of the RTKL, 65 P.S. §§ 67.305, 67.708; *see also Allegheny Cnty. Dep't of Admin. Servs. v. A Second Chance, Inc.*, 13 A.3d 1025, 1035 (Pa. Cmwlth. 2011).

The RTKL defines "records" as "[i]nformation, regardless of physical form or characteristics, that documents a transaction or activity of an agency" and that is "created, received, or retained pursuant to law" or in connection with a "transaction, business or activity" of that agency. Section 102 of the RTKL, 65 P.S. § 67.102. Among the records exempted from disclosure are those relating to, or resulting in, a criminal investigation, including: (1) "[c]omplaints of potential criminal conduct other than a private criminal complaint"; (2) "[i]nvestigative materials, notes, correspondence, videos and reports"; (3) "[a] record that includes the identity of a confidential source or the identity of a suspect who has not been charged with an offense to whom confidentiality has been promised"; (4) "[a] record that includes information made confidential by law or court order"; (5) "[v]ictim information, including any information that would jeopardize the safety of the victim"; or (6) "[a] record that, if disclosed, would . . . [r]eveal the institution,

---

[5] "When reviewing an order of the trial court regarding the RTKL, we must determine whether the findings of fact are supported by [substantial] evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision." *City of Harrisburg v. Prince*, 288 A.3d 559, 567 n.7 (Pa. Cmwlth. 2023) (cleaned up).

progress or result of a criminal investigation, except the filing of criminal charges," "[d]eprive a person of the right to a fair trial or an impartial adjudication," "[i]mpair the ability to locate a defendant or codefendant," "[h]inder an agency's ability to secure an arrest, prosecution or conviction," or "[e]ndanger the life or physical safety of an individual." *See* Section 708(b)(16) of the RTKL, 65 P.S. § 67.708(b)(16).

The agency receiving a RTKL request bears the burden of proving that the record is exempt from disclosure by a preponderance of the evidence. Section 708(a)(1) of the RTKL, 65 P.S. § 67.708(a)(1). A preponderance of the evidence is such evidence as would lead a factfinder to find that the existence of a contested fact is more probable than the nonexistence of the contested fact. *Off. of the Dist. Att'y of Phila. v. Bagwell*, 155 A.3d 1119, 1130 (Pa. Cmwlth. 2017). If an agency does not have the records in its possession, it may deny the request and offer proof that the record does not exist. S*mith Butz, LLC v. Pa. Dep't of Env't Prot.*, 142 A.3d 941, 945 (Pa. Cmwlth. 2016).

Pursuant to the RTKL, the district attorney of a county designates an appeals officer to hear appeals relating to access to criminal investigative records in the possession of a local agency of that county. *See* Section 503(d)(2) of the RTKL, 65 P.S. § 67.503(d)(2). The designated appeals officer determines whether the record requested is a criminal investigative record. *See id.*

A requester seeking review of a final determination by the designated appeals officer is entitled to "judicial review by the appropriate court of common pleas under Section 1302 of the RTKL, 65 P.S. § 67.1302." *Kyziridis v. Off. of Northampton Cnty. Dist. Att'y*, 308 A.3d 908, 912 (Pa. Cmwlth. 2024). The trial court must "render its own findings of fact and conclusions of law . . . ." *Id.* at 912 (citation omitted). Even in cases where the trial court has conducted an *in camera*

review, the court must support its decision with specific findings of fact and conclusions of law, general descriptions of the documents reviewed, and specific reasoning as to why the document was or was not exempt from disclosure. *See, e.g.*, *Kyziridis*, 308 A.3d at 911.

In this case, the trial court has not issued findings of fact or conclusions of law. *See* Trial Ct. Order, 12/7/22. The order does not describe the nature of the documents requested, nor does it provide any legal justification or analysis supporting the court's decision. *See id.* Instead of an analysis, the trial court notes the statutory definition of the criminal investigative records exemption and adopts "arguments tendered on behalf of [Requester]" without reproducing or detailing those arguments. *See id.* Further, the trial court's opinion provides no additional insight into its reasoning. Rather, the trial court merely offers technical reasons for quashing this appeal. *See* Trial Ct. Op. at 4-6 (unpaginated) (suggesting quashal, *e.g.*, because the DAO has failed to ensure that transcripts were produced by the court reporter and included in the record).

The absence of any findings or supporting legal analysis has impeded this Court's appellate review. *See Prince*, 288 A.3d at 567 n.7. The trial court, as the Chapter 13 court, "is the ultimate finder of fact under the RTKL, [so] it would be inappropriate" for this Court "to step into its place." *See Am. C.L. Union of Pa. v. Pa. State Police*, 232 A.3d 654, 671 (Pa. 2020) (vacating and remanding to this Court as the Chapter 13 court); *see also Kyziridis*, 308 A.3d at 912 n.6 (noting that in appeals of final determinations by district attorney's office appeals officers, the trial court sits as a Chapter 13 court charged with conducting a *de novo review*).

6

## IV. CONCLUSION

For the foregoing reasons, we vacate the trial court's order and remand for the court to issue a decision that contains findings of fact, conclusions of law, and an articulated and reasoned basis for its disposition. *See Am. C.L. Union of Pa.*, 232 A.3d at 671; *Kyziridis*, 308 A.3d at 912; *Prince*, 288 A.3d at 567 n.7.

LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Appeal of Bochetto & Lentz | : | |
| | : | |
| From the Decision of the Appeals | : | No. 1445 C.D. 2022 |
| Officer Philadelphia District | : | |
| Attorney's Office | : | |
| | : | |
| Appeal of: Philadelphia District | : | |
| Attorney's Office | : | |

# **O R D E R**

AND NOW, this 8th day of May, 2024, the order entered by the Court of Common Pleas of Philadelphia County on December 7, 2022, is VACATED. The matter is REMANDED for the trial court to issue findings of fact, conclusions of law, and an articulated basis for its disposition.

Jurisdiction relinquished.

 

LORI A. DUMAS, Judge